UNITED STATES of America, Appellee,

v.

Derrick Kim PATTERSON, Appellant.

No. 88–5262.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 12, 1989.

Decided Sept. 22, 1989.

Douglas Peine, St. Paul, Minn., for appellant.

John M. Lee, Minneapolis, Minn., for appellee.

Before WOLLMAN, and BEAM, Circuit Judges, and BRIGHT, Senior Circuit Judge.

BEAM, Senior Circuit Judge.

Appellant contends that the district court improperly refused to suppress evidence and abused its discretion in the application of the sentencing guidelines. Finding no error, we affirm.

BACKGROUND

The police in Bloomington, Minnesota, commenced an investigation with regard to activities at a residence in the city. They determined that Frank Williamson, a person with a lengthy criminal history, owned and occupied the property. There was much transitory activity with many people arriving and leaving after short visits inside the house. The presence of a blue van was noted during surveillance of the premises. It was determined that Williamson was the registered owner of the vehicle.

Eventually, a warrant was obtained for a search of the residence. During the search the police observed drug paraphernalia and other evidence of an ongoing narcotics operation. Williamson, whose offenses included aggravated assault involving a hand gun, a narcotics violation and criminal sexual conduct, and a female companion were at the house during the search.

As the search was in progress, the appellant arrived at the residence in the blue van. He came to the front door at which place he was met by one of the police officers. The policeman was not wearing a uniform.

Appellant Patterson was asked to come inside and was advised that a search was in process pursuant to a warrant. Inquiry was made as to his business at the premises. Appellant stated that he was the purchaser of the van from Williamson and needed some paperwork to straighten out an apparent hitch in the transaction.

At that point, the officer subjected appellant to a "pat down" search. A firearm was discovered in the left front pocket of the jacket being worn by Patterson. He was detained and it was then determined that Patterson had been convicted of several felonies. He was charged and convicted for being a felon in possession of a firearm.

DISCUSSION

A. Motion to Suppress

■ Appellant contends that the physical evidence (the firearm) should have been suppressed because its seizure resulted from a search in violation of the fourth amendment. He relies upon the holding of *United States v. Clay*, 640 F.2d 157 (8th Cir.1981). However, we believe that *Clay*, a fact-driven decision, is inapplicable to this action. Clay approached a house in Kansas City and knocked on the door. A search was being conducted on the premises at the time. During the search Kansas City police had found drugs, contraband and firearms. An undercover police agent dressed in jeans and a tee-shirt opened the door and "ordered" Clay to enter the house. Clay immediately stepped backward but was "ordered" into the house at gunpoint. *Id.* at 158. A "pat down" search was then conducted. A weapon was found. The discovery resulted in a criminal prosecution. There was, however, nothing prior to the frisk which connected Clay with the residence being searched or to the occupants of or activities at the site.

Here, as indicated, the van in the possession of Patterson had been observed at the Bloomington residence. Also, as indicated, drug paraphernalia, obviously in recent use, was observed at the premises. While the search was under way, approximately fifteen calls were received at the premises over a one-half hour period.

Patterson arrived at the scene in Williamson's van, approached Williamson's house, and entered the premises upon being asked to come inside. He was not seized at gunpoint prior to entry and only upon entering the premises, while the search was underway, was he frisked and detained.

The specific articulable facts of a given situation taken together with rational inferences to be drawn from facts already known warrant an investigatory search. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). Police may also take appropriate action to ensure their

own protection while carrying out a search warrant. *Clay*, 640 F.2d at 160. In this case, the officer was rightfully in the presence of Patterson and was armed with sufficient facts to be concerned about his safety and that of his fellow officers. The possible danger presented by an individual approaching and entering a structure housing a drug operation is obvious. In fact, it would have been foolhardy for an objectively reasonable officer not to conduct a security frisk under the circumstances. No one forced Patterson to arrive in what was thought to be Williamson's van or to approach the premises, by then known to be a drug vending site, or to knock and then enter the house when asked to do so. Patterson was not "ordered" into the house nor forced inside at gunpoint or otherwise. Simply stated, this is not a case that falls within the ruling in *Clay*. The search and seizure was constitutional.

### B.  Sentencing Guideline Claim

■ Appellant contends that the district court abused its discretion in denying a reduction in guideline points based upon acceptance of responsibility for the criminal acts. Appellant insisted that he needed to carry the firearm for his own protection and that of his family. The district court construed this to be a failure to accept responsibility for his transgressions. We believe this finding by the district court was essentially a factual determination subject to a clearly erroneous test. *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). If so, we do not believe that the district court committed error, let alone clear error. And, whatever the standard of review, we find that a lack of acceptance of responsibility by appellant was apparent.

### CONCLUSION

There being no error found, the judgment of the district court is affirmed.

BRIGHT, Senior Circuit Judge, dissenting.

I dissent.

We are (or should be) bound by precedent on this court. In my view the panel decision in *United States v. Clay*, 640 F.2d 157 (8th Cir.1981), requires that we reverse.

The only factual difference between *Clay* and the present case rests on a distinction without any principled difference. In *Clay*, officers searching the premises *ordered* Clay, a black man, to enter. The officers then patted him down and discovered a gun. Here, the plainclothes searching officer *invited* Patterson, also a black man, inside the premises, listened to Patterson's noncriminal reason for his presence and then conducted a patdown. Moreover, one of the officers acknowledged that upon entering the house, Patterson was not free to leave. Thus, in both cases, the seizure occurred at almost the moment of immediate encounter.

As the opinion in *Clay* observes: "Only specific articulable facts taken together with rational inferences warrant the intrusion of an investigatory search." *Clay*, 640 F.2d at 159 (citing *Terry v. Ohio*, 392 U.S. at 21, 88 S.Ct. at 1880).

Applying this principle, the *Clay* court stated:

> In our view, Sgt. Moss had nothing more than "mere suspicion" of possible criminal activity or danger based upon appellant's approach to the house. After reviewing the circumstances surrounding the stop as a whole, we conclude that Sgt. Moss did not have reasonable suspicion, based on objective facts that Clay was involved in any criminal activity. We hold that on the facts presented, the district court erred in refusing to suppress the gun seized. Such error went to the heart of the government's case.

*Clay*, 640 F.2d at 162–63.

The same principle and result should follow here.