Roberto Cano **CABALLERO, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. **B14–93–00236–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 19, 1994.

Rehearing Denied Aug. 11, 1994.

Steve Abramowitz, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before SEARS, LEE and WILLIAM E. JUNELL, (Retired), JJ.

## OPINION

JUNELL, Justice (Retired).

This is an appeal of a conviction for possession of cocaine. The range of punishment was enhanced by two prior felony convictions, and the jury assessed punishment at fifty years. Appellant Caballero complains of insufficient evidence, the lack of a jury charge on probable cause, and improper jury argument. We affirm.

We summarize the facts in the light most favorable to the verdict. On July 24, 1992, at approximately 5:00 p.m., Officers S.W. Wiggins, George Hickey, and David White of the Houston Police Department arrested on a city street two persons whom police saw conducting a drug transaction. Police placed each suspect in the back of a patrol car, and a wrecker was about to tow away the car of one of the suspects.

The officers saw a truck approaching that was chasing a man on a bicycle. The truck rode over a barricade, swerved wildly, ran up onto a yard, veered back onto the street, and approached the officers at a high rate of speed. The man on the bicycle veered off and disappeared, but the truck continued travelling toward the officers. The officers' cars were parked in such a way that the approaching truck could not drive around. Officer Wiggins put his hand out towards the truck and yelled at the man in the truck to stop, but the truck continued toward the officers.

Because a suspect was sitting in Officer Wiggins patrol car, Wiggins got in the car to move it out of the truck's path. The truck swerved around Wiggins' patrol car and slammed into the car that was hooked-up to the wrecker. The truck went in the air and almost turned on its side before righting itself. The driver tried to drive away at high speed, but the truck's driveshaft dropped off.

Caballero was alone in the truck. He jumped out and ran away, jumping several fences. Augmented by late-arriving Officer

Anthony Twigg and several private citizens, police pursued. When they caught Caballero, he was violent and combative. He swung his fists and kicked his legs as officers attempted to handcuff him. The officers were forced to apply leg restraints.

Police brought Caballero back to the scene of the collision. An inventory of his truck revealed a crack pipe on the driver's-side floorboard. The substance in the pipe field-tested positive for cocaine. Subsequent analysis verified 6.9 milligrams.

In point of error one, Caballero complains that the evidence was insufficient for the jury to have found that he *knowingly* possessed cocaine.

In reviewing the sufficiency of evidence in a criminal trial, we view the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991). The jury is the sole judge of the credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim.App.1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). We may not sit as a thirteenth juror and reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

To establish the unlawful possession of a controlled substance, the State must prove that the accused (1) exercised care, custody, control, or management over contraband, and (2) knew that the substance possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38) & 481.-115(a) (Vernon 1992 & Supp.1994); *Mayes v. State*, 831 S.W.2d 5, 6 (Tex.App.—Houston [1st Dist.] 1992, no pet.). With regard to prong one, the evidence must affirmatively link Caballero to a substance, in such a manner and to such an extent, that a reasonable inference may arise that he knew of the substance's existence and whereabouts. *Bass v. State*, 830 S.W.2d 142, 146 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). With regard to prong two, the issue is whether the evidence supports a reasonable inference that Caballero knew that the substance

he possessed was cocaine. *Jackson v. State*, 807 S.W.2d 387, 389 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). There is no minimum quantity of cocaine required to sustain a conviction. *Id.*

Caballero does not argue on appeal that the State failed to affirmatively link him to the crack pipe. Nevertheless, we note that the pipe was found on the floorboard of the driver's side of the truck he was driving. He was the sole occupant of the truck. His mother testified:

Q: [PROSECUTOR] On the day that your son got picked up at about 5:00 o'clock in the afternoon, you weren't using the truck were you?

A: [MRS. CABALLERO] No, ma'am.

Q: And your daughter wasn't using the truck, was she?

A: That day he [Caballero] used the truck to work.

\*　　\*　　\*　　\*　　\*　　\*

Q: ... Now, when you last saw the truck, was there a crack cocaine pipe in the truck?

A: No. That's what I wanted to say to you. I saw him before 4:00 o'clock. He stopped by to pick me up to go with him to cash a check and take me to eat. I said I would wait for him there, and he never got there. Then I heard he was arrested.

THE PROSECUTOR: Judge, that's nonresponsive.

THE COURT: The question was: Had you seen a crack pipe?

A: No, sir, because I did look inside the truck, like I said that day, and there was nothing. I was sitting in the truck talking to my son.

Q: And then from the time that you saw the truck at that time, you didn't see your son again until when, until after he was arrested?

A: Yes.

\*　　\*　　\*　　\*　　\*　　\*

From the above evidence, the jury could have found the crack pipe was not in the truck *before* he had the truck, and that Caballero

had care, custody, control, or management of the crack pipe and its contents. *See Palmer v. State,* 857 S.W.2d 898, 901 (Tex.App.—Houston [1st Dist.] 1993, no pet.) (evidence of possession sufficient when defendant was sole occupant of vehicle and crack pipe recovered from floorboard).

■ Caballero's main complaint on appeal is that the State failed to provide sufficient evidence for the jury to have found beyond a reasonable doubt that he *knew* that the crack pipe contained cocaine. He contends that there was no evidence that the cocaine was visible. He also complains that the cocaine was not physically measurable but merely *quantifiable* through scientific calculation.

Viewing the evidence in the light most favorable to the verdict, we summarize the evidence relevant to *knowing* possession: (1) a residue of cocaine was visible; (2) the amount of cocaine was measurable; (3) the cocaine was located in drug paraphernalia, i.e., a crack pipe; and (4) Caballero had a prior conviction for possession of cocaine. From this evidence, the jury could have inferred that Caballero knew that there was a residue of cocaine in the crack pipe.

*Visibility.* Officer Hickey testified regarding the field test procedure:

A: [OFFICER HICKEY] This is the crack pipe that I tagged on that date in the narcotics lockbox. . . .

    \*    \*    \*    \*    \*    \*

A: . . . I field tested it.

Q: [PROSECUTOR] How did you do that?

A: We have testers that are—they are individual testers that you bust open and you scrape *the contents of the pipe, which inside, as you can see, it's burnt in there, which that contains residue, cocaine residue.* You stick it down into the tester, and if it turns blue, it's positive for cocaine. We tested it like that at the field and then when we submit it, they retest it.

(Emphasis added.)

From this, the jury could have inferred that a residue was visible to Officer Hickey at the time of the field test. Alternatively, the jury

could have inferred that a residue containing 6.9 milligrams of cocaine would be visible. *See Daniels v. State,* 853 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1993, no pet.). *Daniels* held that testimony of actual sighting was unnecessary when there was evidence that the cocaine found in a crack pipe would have been a visible amount. *Id.; see also Palmer, supra.*

■ *Measurability.* The police chemist testified that the amount of residue in the crack pipe was measured by spectrographic analysis techniques at 6.9 milligrams of cocaine. The Court of Criminal Appeals has held 3.2 milligrams of cocaine to be a sufficient amount to support a conviction for possession. *Kent v. State,* 562 S.W.2d 855, 856 (Tex.Crim.App.1978). Courts of Appeals have accepted the results of modern scientific methods of quantitative analysis and sustained convictions on much less cocaine than the 6.9 milligrams in the present case. *See e.g., Palmer, supra* (0.28 milligrams) *and Sims v. State,* 833 S.W.2d 281, 283 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (0.4 milligrams). Although the amount of cocaine found in Caballero's crack pipe was very small, there is no requirement that a defendant must have possessed a usable quantity of the controlled substance to be found guilty. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex.Crim.App.1983).

■ Visibility and measurability are sufficient evidence of knowing possession. *Daniels,* 853 S.W.2d at 751.

We note that visibility and measurability are *sufficient,* not *necessary,* conditions to establish knowing possession. The governing statute contains no visibility or minimum measurability requirements. *See* Tex. Health & Safety Code Ann. §§ 481.002(38) & 481.115(a) (Vernon 1992 & Supp.1994). Here, other evidence is also present contributing to a finding of *knowing* possession. *Drug Paraphernalia.* The cocaine residue was found in a glass tube fitted with a filter, i.e., a pipe commonly used to smoke crack cocaine. The fact that the cocaine was found in an item of drug paraphernalia or an item closely associated with drug use is evidence of knowing possession. *Johnson v. State,* 843 S.W.2d 238, 240 (Tex.App.—Houston

[14th Dist.] 1992, pet. ref'd); *Sims,* 833 S.W.2d at 284. *Prior Experience.* Caballero admitted to a prior conviction for possession of cocaine. The jury could have inferred that he was knowledgeable regarding drug paraphernalia and cocaine and knew that some cocaine remains as a residue in a crack pipe. *Durham v. State,* 701 S.W.2d 951, 956 (Tex. App.—Fort Worth 1986, pet. ref'd); *Jackson,* 807 S.W.2d at 389.

In sum, we find that there was sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that Caballero possessed a substance he knew to be cocaine. We overrule point one.

■ In point two, Caballero argues that the trial court erred in failing to instruct the jury to determine if there was probable cause to arrest him and search his truck.

"[I]t is ... well recognized that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted." *Bell v. State,* 693 S.W.2d 434, 442 (Tex.Crim.App.1985), quoting *Thompson v. State,* 521 S.W.2d 621, 624 (Tex.Crim.App. 1974). Article 38.23 of the Code of Criminal Procedure provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

\* \* \* \* \* \*

TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1994).

Caballero argues that there was evidence raising a fact issue whether the police had probable cause to arrest him and subsequently inventory his car. If a fact issue was raised, then he was entitled to an art. 38.23 instruction in the jury charge.

It was undisputed that, after the collision, Caballero jumped from the truck and took off running. Caballero argues that he was chasing a man who had taken his wallet. He maintains that he was not fleeing the scene but merely continuing the chase; he fully intended to return to the scene and provide whatever information the police required.

Police could have based probable cause to arrest Caballero on the fact that he left the scene of an accident without stopping to give information. "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX.CODE CRIM.PROC.ANN. art. 14.-01(b) (Vernon 1977).

The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person shall *immediately stop* such vehicle at the scene of such accident ... and in every event shall *remain at the scene* of such accident until he has fulfilled the requirements of Section 40.... Any person failing to stop or to comply with said requirements shall be guilty of ... a ... misdemeanor....

TEX.REV.CIV.STAT.ANN. art. 6701d, § 39 (Vernon Supp.1994) (emphasis added); *see also id.* §§ 40 & 41.

The evidence also supported Caballero's arrest on a charge of criminal mischief. "A person commits an offense if, without the effective consent of the owner[,] ... he intentionally or knowingly damages or destroys the tangible property of the owner...." TEX.PENAL CODE ANN. § 28.03(a)(1) (Vernon Supp.1994).

■ We find that there was no fact issue concerning the objective facts and circumstances apparent to the police upon which they formulated probable cause to believe that Caballero had committed an offense. Probable cause is based on an objective assessment of the information available to the officers, not Caballero's subjective motivations. It was irrelevant whether Caballero could articulate a defense to the offense or

whether he was ever charged or convicted of the offense for which he was arrested. We note that there was no evidence that Caballero called to the officers to assist him in apprehending the man he was chasing.

Since the officers had probable cause to arrest Caballero, they could conduct an inventory of Caballero's car. The trial court did not abuse its discretion in denying Caballero's requested art. 38.23 instruction. We overrule point two.

 In point three, Caballero contends that the trial court erred in overruling his objection to the State's final argument in that the prosecutor argued that the jury could consider Caballero's prior convictions in determining his guilt or innocence. Caballero complains of the following portion of the State's final argument:

> I believe in our discussion on *voir dire* we talked about looking at the circumstances, looking at the surrounding circumstances of what happened on July 24, 1992, and I ask you to do that in this particular case, look at the circumstances.
>
> In the—I don't know if it will be the second or third page of your charge, it talks about passing upon the weight. You will give the testimony of the defendant since he did testify and the fact that you heard evidence about other offenses. And in response to defense counsel's *voir dire,* a lot of you expressed some concern and said, no, you're not going to hold it against him in guilt/innocence which you should not, but you are going to use that towards his credibility. Think about the convictions the defendant has had before.

*On direct examination* of Caballero, *defense counsel* introduced evidence of Caballero's prior convictions for possession of cocaine, theft by receiving, auto theft, and burglary of a vehicle. This was not a situation where *the State* introduced the prior convictions to impeach Caballero or for any other purpose. In any event, in her argument, the prosecutor merely urged the jurors to look at all the circumstances that occurred on the date of the offense in determining Caballero's guilt or innocence. She *subsequently* urged the jurors to consider Caballero's prior convictions in determining the credibility of

his testimony. She expressly admonished the jurors not to consider the prior convictions in determining Caballero's guilt or innocence.

We find that the State's argument was a completely correct statement of the law and was in accordance with the trial court's charge to the jury. The trial court did not err in overruling Caballero's objection to the State's argument. We overrule point three.

Finding no error, we affirm the judgment below.