**Charles Allen HALL a/k/a Charles Anthony Hall, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00391–CR.

Court of Appeals of Texas, Houston.

June 27, 1996.

Evelyn Graham Rodriguez, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before LEE, EDELMAN and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

A jury convicted appellant of possession of a controlled substance. Finding the two enhancement paragraphs to be true, the jury assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 25 years. Appellant brings three points of error in which he claims: (1) the trial court improperly denied his motion to suppress evidence; and (2) the evidence is insufficient to sustain his conviction. We affirm the judgment of the trial court.

On the evening of October 27, 1993, deputies from the Harris County Sheriff's Department were conducting a surveillance of the home of Linda Martinez. It was suspected that the home was a crack house being used to sell narcotics. Previously, several vehicles had been stopped after leaving the Martinez house and were found to be carrying cocaine. The object of the surveillance was to gain probable cause for a search of the residence itself.

At approximately 9:00 p.m., the deputies observed a blue Cadillac leaving the house. They stopped the vehicle a short distance away after seeing that it had no rear license plate light. As the deputies spoke to the driver, who happened to be Martinez' nephew, Martinez herself arrived at the scene.

The deputies told her of their suspicions concerning her property and asked if she would consent to a search of the house. Martinez agreed to a search and signed a consent form.

After obtaining her consent, the deputies returned to the house to conduct the search. As they approached the residence, they found several people, including the appellant, "milling about" in front of the house. This area was dimly lit, and the deputies noticed that the individuals standing around seemed nervous about the deputies' presence. Each of these persons was frisked for weapons. It was during this weapons frisk that one of the deputies, Sergeant Richard Ricks, felt something in appellant's left rear pocket. Ricks testified that the object felt like it could have been a weapon. When the sergeant removed this object from the appellant's pocket, he discovered that it was in fact a large metal socket which had been converted for use as a crack pipe. Ricks examined the socket and found blackish burned residue and specks of white powder on its inside surface. This material tested positive for cocaine.

■ In his first and second points of error, the appellant contends that the search of his person was a violation of his constitutional rights and the trial court erred in denying his motion to suppress evidence. When reviewing a ruling on a motion to suppress evidence, this Court views the evidence in the light most favorable to the trial court's ruling. *Green v. State,* 615 S.W.2d 700, 707 (Tex.Crim.App.1980), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). As a basis for ruling on a motion to suppress, the trial judge is entitled to believe or disbelieve any or all of a witness' testimony, and the appellate court is not at liberty to disturb any finding supported by the record. *Rysiejko v. State,* 782 S.W.2d 529, 532 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). Unless there is a clear showing of abuse of discretion, the trial court's ruling on the admissibility of the evidence should not be reversed. *Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App.1993).

■ A police officer is authorized, for his own protection, to conduct a reasonable search for weapons where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest that individual for a crime. *Terry v. Ohio,* 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968). The officer is not required to be absolutely convinced that the individual is armed; the issue is whether a reasonably prudent person under the circumstances would be warranted in the belief that his safety or that of others was in danger. *Id.* When determining whether this belief was justified, we must consider not the officer's inchoate or unparticularized suspicions, but the specific reasonable inferences which he is entitled to draw from the facts in light of his experience. *Id.*

■ In this case, the deputies were approaching a residence which housed a suspected narcotics operation. The appellant was found on the premises. The area was dark, and Sergeant Ricks and his partner were outnumbered by the individuals standing in the yard. The appellant was pacing nervously, as if he did not know whether to leave or stay at the house. If he had so desired, the appellant could have easily come in behind the deputies and attacked them as they conducted their search. Relying on the *Lippert* case, appellant contends that his mere presence at the scene was insufficient to justify Sergeant Ricks' weapons frisk. *See Lippert v. State,* 664 S.W.2d 712, 721 (Tex.Crim.App.1984). In *Lippert,* the Court of Criminal Appeals held that the frisk of an individual who entered a house during the course of a police search was not justified. *Id.* The court indicated that, under the *Terry* rationale, an individual's mere presence at the scene of a search, without more, is insufficient to justify even a pat-down frisk for weapons. *Id.* We believe, however, that the facts and circumstances of the case now before us would support a reasonable belief that the appellant posed a safety risk to the deputies.

We find guidance from other courts that have recognized the extreme danger in which officers are placed as they approach and enter either known or suspected narcotics operations. Firearms have become the "tools of the trade" for narcotics dealers.

*United States v. Gilliard,* 847 F.2d 21, 25 (1st Cir.1988), *cert. denied,* 488 U.S. 1033, 109 S.Ct. 846, 102 L.Ed.2d 978 (1989). Sergeant Ricks knew of the particularly violent nature of narcotics crime. *See United States v. Cruz,* 909 F.2d 422, 424 (11th Cir.1989); *United States v. Barlin,* 686 F.2d 81, 87 (2d Cir.1982). He testified that dealers, seeking to protect their merchandise, often keep weapons at the places where they conduct their business. The danger presented to police officers when approaching and entering a structure housing a drug operation is obvious. *United States v. Patterson,* 885 F.2d 483, 485 (8th Cir.1989). Under the circumstances, it would have been foolhardy for an objectively reasonable officer not to conduct a security frisk. *Id.*

Unlike *Lippert,* where the subject arrived after the search of the house had commenced, the appellant in this case was discovered on the premises when the officers first arrived. *See Hardy v. State,* 738 S.W.2d 792, 794–95 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd). In *Lippert,* the premises had already been secured by officers conducting the search. Here, Sergeant Ricks was faced with an individual pacing nervously about in a dark, unsecured area suspected to be a narcotics operation. We find that this situation, when viewed against a background that comports with the violent nature of narcotics crime, was sufficient to warrant a reasonably prudent person in the belief that his safety or that of others was in danger. Thus, it was reasonable for Sergeant Ricks to take the precautionary step of a pat-down frisk to insure that the appellant was not armed. *See Gilliard,* 847 F.2d at 25.

We conclude that Sergeant Ricks was justified in his belief and acted properly in frisking the appellant. Accordingly, appellant's first and second points of error are overruled.

In his third point of error, appellant maintains that the evidence is insufficient as a matter of law to prove that the cocaine found inside the socket was visible or capable of being seen by the naked eye so as to be knowingly possessed by him. When reviewing a challenge to the sufficiency of the evidence,[1] this Court must decide "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garrett v. State,* 851 S.W.2d 853, 857 (Tex.Crim.App.1993) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

Viewing the evidence in the light most favorable to the verdict, the evidence relevant to appellant's knowing possession of a controlled substance is: (1) the amount of cocaine was measurable; and (2) the cocaine was located in drug paraphernalia, i.e., a crack pipe. From this evidence, we believe the jury could have inferred that appellant was in knowing possession of cocaine.

First, the State's forensic chemist testified that the amount of cocaine residue recovered from appellant's crack pipe was measured by ultraviolet and infrared spectophotometric analysis at 11.97 milligrams. Appellant contends that the State has not shown this amount to be visible and capable of being seen with the naked eye.[2] However, the chemist indicated that it would not be any problem to physically weigh out this amount and pour it into one's hand; he compared it to half the contents of a very small sugar packet. While visibility is a condition sufficient to establish knowing possession, it is not a necessary one. *Caballero v. State,* 881 S.W.2d 745, 748 (Tex.App.—Houston [14th Dist.] 1994, no pet.). Moreover,

1. We recognize that the Texas Court of Criminal Appeals recently held that the intermediate courts of appeal have the authority to review the factual sufficiency as well as the legal sufficiency of the evidence. *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996). However, appellant has not requested that we review the factual sufficiency of the evidence supporting his conviction. Thus, we limit our review of the sufficiency of the evidence to the standards enunciated in *Jackson*

*v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

2. Sergeant Ricks testified at the suppression hearing that burned residue as well as white specks of unburned cocaine were visible inside the socket. However, this testimony was not elicited before the jury and thus cannot be used to support appellant's conviction.

testimony of actual sighting is unnecessary where there is evidence that the quantity of cocaine found would have been a visible amount. *Daniels v. State*, 853 S.W.2d 749, 751 (Tex.App.—Houston [1st Dist.] 1993, no pet.).[3]

Second, the cocaine was discovered in a metal socket converted for use as a crack pipe. The fact that the contraband was found in an item of drug paraphernalia or an item associated with drug use is evidence of knowing possession. *Caballero*, 881 S.W.2d at 745; *Johnson v. State*, 843 S.W.2d 238, 240 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd).

In conclusion, we find there was sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that appellant possessed a substance he knew to be cocaine. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.

---

**3.** The governing statute contains no visibility or minimum measurability requirement. *See* Tex. Health & Safety Code Ann. § 481.115(a) (Vernon Supp.1996). Texas courts have sustained convictions for possession of a controlled substance in cases where amounts much smaller than 11.97 milligrams were discovered. *See, e.g., Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978) (3.2 milligrams); *Sims v. State*, 833 S.W.2d 281, 283 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd) (0.4 milligrams).