Opinion issued December 18, 2008











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00964-CR




PRICE PADGETT, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 56th District Court 
Galveston County, Texas
Trial Court Cause No. 05CR0582




MEMORANDUM OPINION

          A jury found appellant, Price Padgett, guilty of possession of less than one
gram of methylenedioxy methamphetamine.


 The trial court sentenced appellant to
two years incarceration, suspended for one year of community supervision. In one
issue, appellant asserts that the evidence was legally insufficient to support his
conviction.
          We affirm.
                                                        Background
          In the early morning hours of January 1, 2005, appellant, who was an officer
with the Galveston police department, rolled his truck over in a one-vehicle accident
on the west end of Galveston Island. Officer Lee Gonzales of the Galveston police
department, who had been working an off-duty security job, came upon the accident
scene. Appellant told Officer Gonzales that his career was in jeopardy and asked the
officer to “let him disappear.” Officer Gonzales called for back-up. Additional
officers, firemen, paramedics, and other emergency personnel were dispatched to the
scene, including emergency medical technician (“EMT”) Richard Chenosky. EMT
Chenosky heard appellant repeatedly say, “I want Kylen.” Chenosky knew that
appellant was referring to Galveston police officer Jeremy Kylen 
          Officer Kylen soon arrived at the scene. Galveston fire department officer
Andrew Rourk heard appellant say to Officer Kylen, “Keep my wallet for me. 
There’s nothing illegal in it or anything.” Officer Kylen walked away and did not
take the wallet. Officer Rourk had seen appellant earlier retrieve the wallet from the
overturned truck. 
          Emergency personnel at the scene eventually convinced appellant to be taken
to the hospital for treatment. Before he climbed into the ambulance, appellant shoved
a small black bag into Officer’s Kylen’s stomach causing Officer Kylen to grab the
it. Appellant then quickly climbed into the ambulance. Officer Kylen looked in the
bag and saw a small Ziploc baggie containing white residue. Officer Kylen turned
the black bag containing the Ziploc baggie over to his supervisor.
          The Houston crime lab tested the residue found in the Ziploc bag. The lab
determined that the residue was 34 methylenedioxy methamphetamine, a controlled
substance commonly known as MDMA or Ecstasy. 
Legal Sufficiency
          In one issue, appellant challenges the legal sufficiency of the evidence to
support his conviction for possession of less than one gram of MDMA. 
A.      Standard of Review
          A legal-sufficiency challenge requires us to view all the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could
have found all of the essential elements of the offense beyond a reasonable doubt. 
See Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005); Sanchez v.
State, 243 S.W.3d 57, 71–72 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d). To
determine whether the evidence is legally sufficient, we must examine the totality of
the circumstances. Vodochodsky, 158 S.W.3d at 509. Although our analysis
considers all of the evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000). We must resolve any inconsistencies in the evidence in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
B.      Analysis
          Here, the State was required to show that appellant knew that the baggie
contained MDMA. See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).
(recognizing that, to prove unlawful possession of controlled substance, State must
prove (1) that accused exercised care, control, or management over contraband and
(2) that accused knew substance was contraband). Appellant contends that the State
failed to prove this element. Appellant points out that “the substance in the baggie
. . . could not be identified by looking at it. The amount of the MDMA was so small
that it could only be identified by spectrographic inspection.” Appellant further
contends that he “could have unthinkingly picked up the baggie as a piece of trash
and never known what it had once contained, and of what it might still contain a
trace.”
          Absent an admission by the accused, knowledge “must always be inferred to
some extent.” McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). 
The undisputed evidence showed that appellant had actual physical possession of the
MDMA. See Kwant v. State, 472 S.W.2d 781, 783 (Tex. Crim. App. 1971) (taking
into consideration evidence that defendant had paper bag containing marihuana in his
hands in concluding that appellant knew that bag contained marihuana). 
          In addition, the record contains evidence demonstrating that appellant
knowingly possessed MDMA beyond his mere possession. Appellant is correct that
the baggie contained only a trace amount of MDMA and that it was not possible to
ascertain that the residue contained MDMA simply by looking at it. Nonetheless, the
evidence showed that the residue in the baggie was visible to the naked eye. See
King, 895 S.W.2d at 704 (considering visibility of residue when conducting legal
sufficiency analysis regarding whether defendant knew pipe contained cocaine);
Caballero v. State, 881 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1994, no
pet.) (same); Mayes v. State, 831 S.W.2d 5, 7 (Tex. App.—Houston [1st Dist.] 1992,
no pet.) (same). Officer Kylen testified that, when he saw the residue in the baggie,
he immediately assumed that the residue was a controlled substance, specifically
cocaine. 
          The jury also could have rationally relied on appellant’s conduct and comments
at the scene as evidence that he knew the bag contained a controlled substance. See
Daniels v. State, 853 S.W.2d 749, 751 (Tex. App.—Houston [1st Dist.] 1993, no pet.)
(citing, in part, defendant’s behavior as evidence that he knew pipe contained
cocaine). As discussed, the first officer on the scene testified that appellant asked him
to “let him disappear.” Testimony was also given that appellant repeatedly asked for
Officer Kylen. Although appellant testified that he and Officer Kylen did not get
along well, Officer Kylen testified that he and appellant were friends. When Officer
Kylen arrived, appellant asked him to take his wallet, assuring Officer Kylen that it
contained nothing illegal. The evidence further showed that, after Officer Kylen
declined to take the item, appellant handed Officer Kylen the bag containing the
MDMA in a manner that left the officer essentially no choice but to take it. 
          Viewing the evidence in the light most favorable to the verdict, we conclude
that a rational jury could have found beyond a reasonable doubt that appellant
knowingly possessed MDMA. We hold the evidence is legally sufficient to support
the judgment of conviction.
          We overrule appellant’s sole issue. 
 
Conclusion
          We affirm the judgment of the trial court.



 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).