Affirmed and Memorandum Opinion
filed December 9, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00910-CR



Nathaniel
Kendall, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 176th District Court

Harris County, Texas

Trial Court
Cause No. 1219600



 

MEMORANDUM OPINION 

A jury convicted appellant Nathaniel Kendall of one
count of possession of less than a gram of cocaine and assessed punishment at thirty
months’ imprisonment.  Appellant challenges his conviction on the single ground
that the evidence is factually insufficient to sustain his conviction.  We
affirm.

BACKGROUND

In the late afternoon one day in June 2009, Houston
Police Department Officers Renaldo Delasbuor and Rusty Edwards were on patrol
in their vehicle.  Both officers testified at appellant’s trial.  Officer
Edwards testified that they drove to a vacant lot where he had made previous
narcotics arrests.  Upon their approach, both officers observed appellant and
several other people sitting on makeshift chairs near a pile of trash.  When
they got closer, appellant stood up and faced the officers.  Officer Edwards
testified that appellant began walking away from the officers with his left
hand behind his left leg, but Officer Delasbuor testified that appellant was
walking toward the officers with his left hand by his side.  Both officers
testified that appellant was headed in the direction of a nearby gas station,
and they both saw a white substance drop from appellant’s hand.  This substance
was field tested and determined to be crack cocaine.  Officer Edwards also
testified that a person sitting at the trash pile possessed a crack pipe.  The
officers did not observe any blistering on appellant’s hand (which is a common
sign of crack use) or cigarettes used for smoking crack cocaine.

The State also called Amanda Phillips, a
criminologist with the Houston Police Department.  She tested the white
substance and determined it to be cocaine.  She explained that it was a “trace
amount” of cocaine—an amount “small enough that it’s unable to be weighed by
the scales that we have in the laboratory.”  The cocaine, however, was clearly
visible.

Appellant rested without presenting any additional
evidence, and a jury found him guilty of possession of less than one gram of
cocaine.  This appeal followed.

ANALYSIS

Appellant argues that Officers Edwards and Delasbuoar
could not have seen appellant drop anything from their vantage point of ten to
fifteen feet away because (1) the amount of cocaine was only a trace amount and
(2) they testified inconsistently about what direction appellant was facing and
where his hand was when they observed him drop a white substance.  Further,
appellant argues that the evidence was factually insufficient to prove knowing
possession because there was only a trace amount of cocaine.

While this appeal was pending, the Court of Criminal
Appeals held that only one standard should be used to evaluate the sufficiency
of the evidence in a criminal case: legal sufficiency.  Brooks v. State,
No. PD-0210-09, — S.W.3d —, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6,
2010) (plurality opinion); id. at *22 (Cochran, J., concurring). 
Accordingly, we review the sufficiency of the evidence in this case under a
rigorous and proper application of the Jackson v. Virginia, 443 U.S. 307
(1979), legal sufficiency standard.  Brooks, 2010 WL 3894613, at *11
(plurality opinion). 

When reviewing the sufficiency of the evidence, we
view all of the evidence in the light most favorable to the verdict to
determine whether the fact finder was rationally justified in finding guilt
beyond a reasonable doubt.  Id. at *5; Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007).  This court does not sit as a
thirteenth juror and may not substitute its judgment for that of the fact
finder by re-evaluating the weight and credibility of the evidence.  Brooks,
2010 WL 3894613, at *7; Williams, 235 S.W.3d at 750.  We defer to the
fact finder’s resolution of conflicting evidence unless the resolution is not
rational.  Brooks, 2010 WL 3894613, at *7 & n.8, *11.  Our duty as a
reviewing court is to ensure that the evidence presented actually supports a
conclusion that the defendant committed the crime.  Williams, 235 S.W.3d
at 750.

In a prosecution for possession of a controlled
substance, the State must prove that the defendant (1) exercised control,
management, or care over the substance and (2) knew the substance was
contraband.  Evans v. State, 202 S.W.3d 158, 161 (Tex. Crim. App.
2006).  Regarding the divergent testimony, the jury was free to believe which
officer, if either of them, had a view of appellant sufficient to observe him
dropping something to the ground.  See id. at 163.  The Court of
Criminal Appeals has explained that a single witness’s testimony that a
defendant dropped something on the ground later determined to be cocaine is
sufficient for a conviction.  Goodman v. State, 66 S.W.3d 283, 286 &
n.4 (Tex. Crim. App. 2001) (reasoning that an eyewitness could testify he was
“pretty sure” the defendant dropped a baggie of cocaine, but it “could have
been [a] paper napkin,” and this would be legally sufficient to support a
conviction); see also Kromah v. State, 283 S.W.3d 47, 50 (Tex.
App.—Houston [14th Dist.] 2009, pet. ref’d) (“The testimony of a single
eyewitness can be factually sufficient to support a felony conviction.”). 
Here, we have not one, but two eyewitnesses who testified that they observed
appellant drop a white substance on the ground, and this substance was later
determined to be cocaine.  Appellant’s argument regarding the differences in
the officers’ testimony goes solely to the weight and credibility of the
evidence and does not show that there was insufficient evidence.

Further, the cocaine in this case was a visible
amount, which is a condition sufficient to establish knowing possession.  Hall
v. State, 928 S.W.2d 186, 189 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d).  There also existed “links” between the cocaine and appellant—he (1)
was close in proximity to the cocaine, (2) attempted to leave the scene when
officers arrived, (3) was in a location known for drug activity, (4) was
present with another person who had a crack pipe, and (5) was observed dropping
something white on the ground.  See Evans, 202 S.W.3d at 162 n.12
(noting a nonexhaustive list of links); Roberts v. State, 321 S.W.3d
545, 549 (Tex. App.—Houston [14th Dist.] 2010, pet. filed) (same).  The
“logical force” of these facts supports a finding that appellant knowingly
possessed the cocaine.  See Evans, 202 S.W.3d at 162; Roberts, 321
S.W.3d at 549.  Looking at all the evidence in the light most favorable to the
verdict, we hold that the evidence is sufficient for a rational fact finder to
conclude beyond a reasonable doubt that appellant knowingly possessed the
cocaine.

Appellant’s issue is
overruled, and we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Mirabal.*

Do Not Publish — Tex. R. App. P. 47.2(b).

 









*
Senior Justice Margaret Garner Mirabal sitting by assignment.