02-11-045-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00045-CR

 

 




 
 
 Lana Cay Mann a/k/a Lana Mann Watson a/k/a Lana Cay
 Watson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 




 

 

----------

FROM THE 355th
District Court OF Hood COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Lana Cay Mann, also known as Lana Mann Watson and Lana
Cay Watson, of possession of more than four but less than 200 grams of
methamphetamine and assessed her punishment as a habitual offender at ninety-nine
years’ incarceration.  The trial court sentenced her accordingly.  Appellant
brings a single issue on appeal, arguing that the trial court reversibly erred
when it denied her motion for a mistrial on two occasions during the State’s
final argument.  Because the trial court committed no reversible error, we
affirm the trial court’s judgment.

During
the guilt phase of the trial, the State argued in connection with the law of
parties that “[Appellant] does not have to know the amount of methamphetamine in
order to be charged.”  Appellant objected that the State had misstated the law.
 The trial court sustained Appellant’s objection and instructed the jury to
disregard the prosecutor’s statement, but it denied Appellant’s motion for
mistrial.  The prosecutor again argued, “I’m not required to prove that that
person knew it was over four grams.”  Appellant again objected.  The trial
court again sustained the objection and instructed the jury to disregard, but it
denied Appellant’s motion for mistrial.

The
State argues forfeiture, that the prosecutor’s statements were not improper,
and that any error was harmless because of the trial court’s prompt instructions.
 In arguing forfeiture, the State contends that the prosecutor argued for yet a
third time that the State did not have to prove that Appellant knew the amount
of methamphetamine she possessed under the law of parties was over four grams,
and Appellant did not object.  The State argues that because the objected-to
statement came in at a later time without objection, Appellant has not
preserved her complaint for appellate review.[2]

But
our review of the record reveals that although the third argument was similar,
the prosecutor heeded the trial court’s prior ruling and changed the argument
slightly:  “And so however much they had, whether it was less than a gram, over
a gram, over four grams, over 200 grams, she would be responsible for whatever
that is.”  We hold that this argument was not the same argument to which Appellant
had objected.  Consequently, Appellant’s complaint was preserved.

The
State also argues that the objected-to argument was not improper because the
State was not required to prove that Appellant knew the exact weight of the
methamphetamine in her possession.  The State is both correct and incorrect.  The
State is correct in that it did not have to prove that Appellant weighed the
methamphetamine and knew exactly how much it weighed.  But the State was
required to prove that Appellant knowingly or intentionally possessed all the
methamphetamine that, when weighed by the State, weighed over four grams.

In
reinstating the conviction of a defendant for possession of an amount of
cocaine found in the syringe police saw him drop, the Texas Court of Criminal
Appeals held, “There is no requirement that one must possess a usable amount of
a controlled substance in order to be convicted of unlawful possession of a
controlled substance.  There is also no requirement that the substance be
visible to the naked eye.”[3]

Similarly,
in Hall v. State, Hall challenged his conviction for possession of crack
cocaine.[4]  The police had found a
crack pipe containing “blackish burned residue and specks of white powder on
its inside surface.”[5]  “This material tested
positive for cocaine,” and was the sole amount relied on for Hall’s conviction.[6] 
Hall contended that the evidence was “insufficient as a matter of law to prove
that the cocaine found inside the socket was visible or capable of being seen
by the naked eye so as to be knowingly possessed by him.”[7] 
But our sister court relied on the forensic chemist’s testimony that the amount
of cocaine residue recovered was 11.97 milligrams, about half the contents of a
very small sugar packet, and that “it would not be any problem to physically
weigh out this amount.”[8]  The Fourteenth Court
also relied on its own precedent to hold that “[w]hile visibility is a
condition sufficient to establish knowing possession, it is not a necessary
one.”[9]  The court additionally
relied on the fact that the drugs were found in a crack pipe as evidence of
knowing possession.[10]  These cases implicitly
stand for the proposition that if a defendant does not have to be able to see
the contraband he possesses to be convicted of its possession, he certainly
does not have to know its exact weight.

But
a person’s awareness that he possesses an illegal substance, no matter how
much, either personally or as a party, is an essential element of possession
under the law.[11]
 For example, if seventeen-year-old Bill buys two six-packs of beer but,
knowing that he will have to share any beer he brings into the house with sixteen-year-old
Suzy, he leaves one six-pack in the trunk of his car, Suzy intentionally or
knowingly possesses only that beer that she is aware of.  This is true whether
she possesses it personally or as a party.  The law does not require, however,
that she know exactly how many ounces of beer she possesses.

To
recap, in the case at bar, the State did not have to prove that Appellant had
weighed the methamphetamine.  The State also did not have to prove that she
knew exactly how much methamphetamine was stashed in the house.  The State did
have to prove, however, that (1) either as a principal or as a party, Appellant
intended to exercise care, custody, and control over the methamphetamine that she
was aware of and (2) the amount of the methamphetamine met or exceeded the
amount alleged in the indictment.[12]  We therefore hold that
the prosecutor’s argument was improper in part.

When,
as here, a trial court sustains an objection and instructs the jury to
disregard but denies a defendant’s motion for a mistrial, the issue is whether
the trial court abused its discretion by denying the mistrial.[13]  Only in extreme
circumstances, when the prejudice caused by the improper argument is incurable—that
is, “so prejudicial that expenditure of further time and expense would be
wasteful and futile,”—will a mistrial be required.[14]  In determining whether a
trial court abused its discretion by denying a mistrial, we balance three
factors:  (1) the severity of the misconduct; (2) curative
measures; and (3) the certainty of conviction absent the misconduct.[15]

When
Appellant objected to the improper jury argument, the trial court sustained the
objections and quickly instructed the jury to disregard.  The trial court correctly
instructed the jury in the written jury charge and prevented confusion by
correcting the improper statements to which Appellant objected.  The law
presumes that a jury will follow the trial court’s jury instructions.  We
therefore hold that the trial court did not abuse its discretion by denying
Appellant’s requested mistrial.

We
overrule Appellant’s sole issue and affirm the trial court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GARDNER, JJ.

 

LIVINGSTON,
C.J., concurs without opinion.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: May 17, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Geuder v.
State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); Martinez v. State,
98 S.W.3d 189, 193 (Tex. Crim. App. 2003).





[3]Joseph v. State,
897 S.W.2d 374, 376 (Tex Crim. App. 1995) (citations omitted).





[4]928 S.W.2d 186, 189 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d).





[5]Id. at 188.





[6]Id.





[7]Id. at 189.





[8]Id.





[9]Id. (citing Caballero
v. State, 881 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1994, no
pet.)).





[10]Id. at 190.





[11]See Tex. Health
& Safety Code Ann. §§ 481.102(6) (providing that methamphetamine is in
penalty group 1), .115(a) (requiring that person knowingly or intentionally
possess a penalty group 1 substance to commit an offense) (West 2010); Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); Brown v. State,
911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (noting that our law requires that
an accused must have been “conscious of his connection with [the illegal
substance] and have known what it was”).





[12]See Tex. Health
& Safety Code Ann. §§ 481.102(6), .115(a); Evans, 202 S.W.3d at 161;
Brown, 911 S.W.2d at 747.





[13]Hawkins v. State,
135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).





[14]Id.; see also
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).





[15]Hawkins, 135
S.W.3d at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App.
1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).