

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00045-CR

LANA CAY MANN A/K/A LANA            APPELLANT
MANN WATSON A/K/A LANA CAY
WATSON

V.

THE STATE OF TEXAS            STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Lana Cay Mann, also known as Lana Mann Watson and Lana Cay Watson, of possession of more than four but less than 200 grams of methamphetamine and assessed her punishment as a habitual offender at ninety-nine years' incarceration. The trial court sentenced her

---

[1]*See* Tex. R. App. P. 47.4.

accordingly. Appellant brings a single issue on appeal, arguing that the trial court reversibly erred when it denied her motion for a mistrial on two occasions during the State's final argument. Because the trial court committed no reversible error, we affirm the trial court's judgment.

During the guilt phase of the trial, the State argued in connection with the law of parties that "[Appellant] does not have to know the amount of methamphetamine in order to be charged." Appellant objected that the State had misstated the law. The trial court sustained Appellant's objection and instructed the jury to disregard the prosecutor's statement, but it denied Appellant's motion for mistrial. The prosecutor again argued, "I'm not required to prove that that person knew it was over four grams." Appellant again objected. The trial court again sustained the objection and instructed the jury to disregard, but it denied Appellant's motion for mistrial.

The State argues forfeiture, that the prosecutor's statements were not improper, and that any error was harmless because of the trial court's prompt instructions. In arguing forfeiture, the State contends that the prosecutor argued for yet a third time that the State did not have to prove that Appellant knew the amount of methamphetamine she possessed under the law of parties was over four grams, and Appellant did not object. The State argues that because the

objected-to statement came in at a later time without objection, Appellant has not preserved her complaint for appellate review.[2]

But our review of the record reveals that although the third argument was similar, the prosecutor heeded the trial court's prior ruling and changed the argument slightly: "And so however much they had, whether it was less than a gram, over a gram, over four grams, over 200 grams, she would be responsible for whatever that is." We hold that this argument was not the same argument to which Appellant had objected. Consequently, Appellant's complaint was preserved.

The State also argues that the objected-to argument was not improper because the State was not required to prove that Appellant knew the exact weight of the methamphetamine in her possession. The State is both correct and incorrect. The State is correct in that it did not have to prove that Appellant weighed the methamphetamine and knew exactly how much it weighed. But the State was required to prove that Appellant knowingly or intentionally possessed all the methamphetamine that, when weighed by the State, weighed over four grams.

In reinstating the conviction of a defendant for possession of an amount of cocaine found in the syringe police saw him drop, the Texas Court of Criminal Appeals held, "There is no requirement that one must possess a usable amount

---

[2]*See Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003).

3

of a controlled substance in order to be convicted of unlawful possession of a controlled substance. There is also no requirement that the substance be visible to the naked eye."[3]

Similarly, in *Hall v. State*, Hall challenged his conviction for possession of crack cocaine.[4] The police had found a crack pipe containing "blackish burned residue and specks of white powder on its inside surface."[5] "This material tested positive for cocaine," and was the sole amount relied on for Hall's conviction.[6] Hall contended that the evidence was "insufficient as a matter of law to prove that the cocaine found inside the socket was visible or capable of being seen by the naked eye so as to be knowingly possessed by him."[7] But our sister court relied on the forensic chemist's testimony that the amount of cocaine residue recovered was 11.97 milligrams, about half the contents of a very small sugar packet, and that "it would not be any problem to physically weigh out this amount."[8] The Fourteenth Court also relied on its own precedent to hold that "[w]hile visibility is

---

[3]*Joseph v. State*, 897 S.W.2d 374, 376 (Tex Crim. App. 1995) (citations omitted).

[4]928 S.W.2d 186, 189 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd).

[5]*Id.* at 188.

[6]*Id.*

[7]*Id.* at 189.

[8]*Id.*

4

a condition sufficient to establish knowing possession, it is not a necessary one."[9] The court additionally relied on the fact that the drugs were found in a crack pipe as evidence of knowing possession.[10] These cases implicitly stand for the proposition that if a defendant does not have to be able to see the contraband he possesses to be convicted of its possession, he certainly does not have to know its exact weight.

But a person's awareness that he possesses an illegal substance, no matter how much, either personally or as a party, is an essential element of possession under the law.[11] For example, if seventeen-year-old Bill buys two six-packs of beer but, knowing that he will have to share any beer he brings into the house with sixteen-year-old Suzy, he leaves one six-pack in the trunk of his car, Suzy intentionally or knowingly possesses only that beer that she is aware of. This is true whether she possesses it personally or as a party. The law does not require, however, that she know exactly how many ounces of beer she possesses.

---

[9]*Id.* (citing *Caballero v. State*, 881 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1994, no pet.)).

[10]*Id.* at 190.

[11]*See* Tex. Health & Safety Code Ann. §§ 481.102(6) (providing that methamphetamine is in penalty group 1), .115(a) (requiring that person knowingly or intentionally possess a penalty group 1 substance to commit an offense) (West 2010); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995) (noting that our law requires that an accused must have been "conscious of his connection with [the illegal substance] and have known what it was").

To recap, in the case at bar, the State did not have to prove that Appellant had weighed the methamphetamine. The State also did not have to prove that she knew exactly how much methamphetamine was stashed in the house. The State did have to prove, however, that (1) either as a principal or as a party, Appellant intended to exercise care, custody, and control over the methamphetamine that she was aware of and (2) the amount of the methamphetamine met or exceeded the amount alleged in the indictment.[12] We therefore hold that the prosecutor's argument was improper in part.

When, as here, a trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.[13] Only in extreme circumstances, when the prejudice caused by the improper argument is incurable—that is, "so prejudicial that expenditure of further time and expense would be wasteful and futile,"—will a mistrial be required.[14] In determining whether a trial court abused its discretion by denying a mistrial, we balance three

---

[12]*See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(a); *Evans*, 202 S.W.3d at 161; *Brown*, 911 S.W.2d at 747.

[13]*Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).

[14]*Id.*; *see also Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004).

6

factors: (1) the severity of the misconduct; (2) curative measures; and (3) the certainty of conviction absent the misconduct.[15]

When Appellant objected to the improper jury argument, the trial court sustained the objections and quickly instructed the jury to disregard. The trial court correctly instructed the jury in the written jury charge and prevented confusion by correcting the improper statements to which Appellant objected. The law presumes that a jury will follow the trial court's jury instructions. We therefore hold that the trial court did not abuse its discretion by denying Appellant's requested mistrial.

We overrule Appellant's sole issue and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

LIVINGSTON, C.J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 17, 2012

---

[15]*Hawkins*, 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).