**Donald F. BAKER, Plaintiff-Appellee,**
v.
**Henry WADE, District Attorney of Dallas County, Texas, Etc., et al., Defendants,**

**Danny E. Hill, 47th District Attorney, Defendant-Appellant.**

No. 82–1590.

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1985.

disputed information in Castillo's PSI.

William Charles Bundren, Roderic G. Steakley, Dallas, Tex., for Hill.

Donovan Campbell, Jr., Dallas, Tex., for amicus Doctors Against A.I.D.S.

James C. Barber, Dallas, Tex., for plaintiff-appellee.

Thomas J. Coleman, Jr., Houston, Tex., for amicus Texas Human Rights Foundation.

Abby R. Rubenfeld, Nan D. Hunter, New York City, for amicus Lambda Legal Defense & Education Fund, Inc.

Leonard Graff, San Francisco, Cal., for amicus National Gay Rights Advocates.

Robert R. Murdoch, Los Angeles, Cal., for amicus Medical Advisory Council of Aids Project/Los Angeles.

Mary F. Keller, Asst. Atty. Gen., Austin, Tex., for State of Tex.

(Opinion August 26, 1985, 5th Cir.1982, 769 F.2d 289)

Before CLARK, Chief Judge, GOLDBERG, GEE, RUBIN, REAVLEY, POLITZ, RANDALL, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, HILL and JONES, Circuit Judges.*

## ON PETITION FOR REHEARING EN BANC

REAVLEY, Circuit Judge:

By the opinion at 769 F.2d 289 this court held that Danny E. Hill was entitled to intervene and pursue the appeal and, on the merits, declined to invalidate the Texas penal statute that proscribes "deviate sexual intercourse with another individual of the same sex." Nine of the sixteen participating judges joined in that decision. Seven judges dissented on the procedural ground that Hill was not entitled to intervene and prosecute the appeal. Only one dissenting judge wrote further to say that if he were to reach the merits he would hold the Texas statute unconstitutional.

■ In appellee's petition for rehearing, written with some feeling, we are charged with having thrown out all of the traditional rules "to continue to criminalize more than a half million Texans." This is so, as appellee sees it, because the record in this particular case does not support a finding of moral justification for the statute or a finding that in its enactment the Texas legislature was motivated by considerations of morality. We are charged with having overlooked the findings of the trial court, including the finding that there is no rational relation between the statutory prohibition and a legitimate state interest. Appellee further argues that if morality was actually the purpose of the state in enacting this statute, the burden was upon the state to justify the statute on those moral grounds. Therefore, it is said, this court must "deal squarely with the issue of why homosexual conduct is being deemed to be immoral." Appellee's position is that this court is the arbiter of the rationality of the moral judgment of the people of Texas and their lawmakers, and that we cannot accept the actuality of that moral judgment of the Texas public as a rational basis for the statute.

While we are sensitive and sympathetic to some of the complaints of the appellee, it is simply not the business of this court to act upon them. The appeal put forth in the petition, however sincere and deserving of response, is directed to the wrong audience. It is not the role or authority of this federal court to decide the morality of sexual con-

---

* Judge Goldberg, now a senior judge of this circuit, is participating as a member of the panel initially deciding the appeal. 28 U.S.C. § 46(c) (1982).

duct for the people of the state of Texas. And we suggest that the proper understanding of our constitutional authority is even more important to the republic than is this particular moral issue.

The finding of the district court, to the effect that no rational basis exists for prohibiting this manner of sexual conduct, is a legislative finding and not an adjudicative fact finding. See *Dunagin v. City of Oxford, Miss.*, 718 F.2d 738, 748–49 n. 8 (5th Cir.1983). We see ourselves bound by the decision of the lawmakers of Texas and not by the "finding" of a federal district judge. The process by which Texas enacted the statute is not attacked. The statute deprives no one of a constitutional right. It may be that the Supreme Court of the United States will hold that a right of privacy exists for this sexual conduct, but that is not the direction given by *Doe v. Commonwealth's Attorney*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976), *aff'g* 403 F.Supp. 1199 (E.D.Va.1975) (three-judge court), and until the Supreme Court tells us to the contrary, we will follow their authority as it now stands.

■ As for the Equal Protection argument (that homosexual persons are denied equal treatment of the law), aside from the consideration that the Supreme Court declined to accept the contention in *Doe,* we must reject it. The statute is directed at certain conduct, not at a class of people. Though the conduct be the desire of the bisexually or homosexually inclined, there is no necessity that they engage in it. The statute affects only those who choose to act in the manner proscribed. If, as argued, the existence of the statute is a symbolic stigma against homosexually active persons, the stigma is due to the decision of the body politic of Texas that the proscribed conduct is morally wrong. Whatever may be one's personal opinion on that question, no one can deny the magnitude of the contenders and literature on either side or deny the traditional resolution of the matter in our society. Under those circumstances we believe a federal court should refuse to become the arbiter.

Moral issues should be resolved by the people, and the laws pertaining thereto should be written or rescinded by the representatives of the people. Were a federal court to decree that the United States Constitution decides the issue and override the opinion of those of the different view, the natural course of the public debate and the developing consensus would be misshapen. The feelings of the losers, perhaps still in the majority, could be elevated by the nature of the fiat, and their frustrations might be vented upon the winners to a degree that increased the burdens of the latter beyond the consequences endured under the invalidated statute. Furthermore, the courts could be the biggest losers due to the reaction of the members of the public who regard the court's decision as morally wrong and who see the wisdom on moral issues as properly, and better, residing in the public forums and representative assemblies rather than in the federal judiciary.

Appellee's petition for rehearing is DE-NIED. The mandate shall now issue.

RANDALL, Circuit Judge, would deny petition without comment.

GOLDBERG, RUBIN, POLITZ, TATE, JOHNSON, and WILLIAMS, Circuit Judges, dissent from the denial of rehearing.