Randy Ray JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–023–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 7, 1991.

Discretionary Review Refused
July 3, 1991.

Ken J. McLean, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Randy Ray Jackson, appeals his judgment of conviction for the offense of possession of cocaine weighing less than 28 grams. TEX. HEALTH AND SAFETY CODE ANN. 481.102(3)(D) and § 481.115(a), (b) (Vernon 1991). The jury rejected appellant's not guilty plea and the Court, after finding the two enhancement allegations of the indictment to be true, assessed punish-ment at confinement in the Institutional Division of the Texas Department of Criminal Justice for thirty years. We affirm.

A brief statement of the facts is necessary before we discuss appellant's four points of error. Walter Miller, an employee of Southern Pacific Railroad, testified that on October 25, 1988, at about 6:30 a.m., he and his co-workers were unloading scrap from a truck into the scrap bin when Miller saw a pickup truck in the yard. Miller could hear metal being thrown into the back of the pickup. He called a special agent and told him that an unauthorized truck was in the yard loading material. Miller described the truck to the agent and told him the license plate number.

Chester C. Payton, a police officer for the Southern Pacific Railroad, testified that on October 25, 1988, he heard a call on the radio regarding a theft in progress at about 6:30 a.m. He found the truck about five minutes after hearing the call. Two other units were following the truck on I-10. Eventually, the truck stopped on a dead end road, and Officer Schiller ordered the two men to get out of the truck and to place their hands on the truck. Payton checked appellant for weapons and found a green coin purse. After arresting appellant for theft, Payton examined the contents of the purse and found five plastic packets with a white powdery substance in them.

David Cunningham, a police officer for Southern Pacific Railroad, testified that Payton found a coin purse in one of appellant's pockets. It contained five zip-loc baggies with a small amount of white powder. The white powder was visible to the naked eye. K.K. Alexander, a chemist for the Houston Police Department, examined the five zip loc baggies submitted to the Houston crime lab. He measured the cocaine by means of an ultraviolet spectrometer. The baggies contained 1.2 milligrams of pure cocaine. The cocaine was visible to the naked eye. All the cocaine was consumed in the testing procedure.

 In his first point of error, appellant asserts that the evidence was insufficient, as a matter of law, to show that he

knowingly possessed cocaine. Specifically, he contends that 1.2 milligrams of cocaine will not support a conviction for possession of less than 28 grams of cocaine. "Possession of minute amounts of cocaine is sufficient to sustain a conviction, if the amount possessed is capable of being quantitatively measured." *Lavigne v. State*, 782 S.W.2d 253, 256 (Tex.App.—Houston [14th Dist.] 1989, pet. granted), citing *Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978). There is no minimum weight required to sustain a conviction for possession of narcotics. Instead, "the issue is whether the evidence adduced will support a reasonable inference that appellant knowingly possessed the contraband." *Patterson v. State*, 723 S.W.2d 308, 312 (Tex.App.—Austin 1987), aff'd, 769 S.W.2d 938 (Tex.Crim. App.1989).

■ In a case concerning the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). We must determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989). "The reviewing court is not to position itself as a thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due process safeguard ensuring only the rationality of the factfinder." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim.App.1988).

Possession is defined as "actual care, custody, control, or management." TEX. HEALTH AND SAFETY CODE § 481.002(38); TEX. PENAL CODE § 1.07(a)(28). A variety of circumstances may prove one's possession of a controlled substance. *Patterson v. State*, 723 S.W.2d at 311.

The evidence reveals that appellant had the baggies in a pouch which he carried in his pocket. The cocaine in the baggies was visible to the naked eye. Appellant admitted that he carried personal items in the pouch, that he had looked into the pouch before his arrest and that if the baggies had been in the pouch, he would have seen them. He further admitted that he had used cocaine in the past, thus supporting an inference that he was familiar with the appearance and packaging of cocaine. We find that, viewing the evidence in the light most favorable to the verdict, a rational fact finder could conclude that appellant knowingly possessed cocaine. Appellant's first point of error is overruled.

■ In appellant's second and third points of error, he submits that his conviction for possession of an unusable amount of cocaine violates his rights to due process, due course and equal protection of the law. Appellant contends the statute prohibiting possession of less than 28 grams of cocaine is void for vagueness. Appellant asserts that the statute is unclear because it prohibits possession of less than a usable amount of cocaine. Appellant cites no authority for the proposition that TEX. HEALTH AND SAFETY CODE § 481.115 or any similar statute is unconstitutionally vague.

The statute in question reads in pertinent part:

(a) Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice.

(b) An offense under Subsection (a) is a felony of the second degree if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than 28 grams.

TEX. HEALTH AND SAFETY CODE § 481.115. (Vernon 1991).

■ A statute is unconstitutionally vague if "men of common intelligence must necessarily guess at its meaning and differ as to its application" or "if it 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden

by the statute[.]'" *Cotton v. State,* 686 S.W.2d 140, 141 (Tex.Crim.App.1985).

The meaning of the statute in the instant case is readily discernible by men of common intelligence. Intentional or knowing possession of cocaine in any amount less than 28 grams is a second degree felony. The phrase "less than" is a common phrase capable of being readily understood by anyone who speaks English. "28 grams" is a fixed quantity.

■■■ Appellant also contends that his due process rights were violated in that there is no reasonable basis to prohibit the possession of an unusable quantity of cocaine. Appellant cites no authority to support his claim with respect to TEX. HEALTH AND SAFETY CODE § 481.115. In order to satisfy due process requirements, legislation "must bear a reasonable relation to a proper legislative purpose" and "be neither arbitrary nor discriminatory." *United States v. Coastal States Crude Gathering Co.,* 643 F.2d 1125 (5th Cir.), *cert. denied* 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981). The government does not violate a party's substantive due process rights as long as any rational basis exists for the government's actions *Eiland v. Wolf,* 764 S.W.2d 827, 834 (Tex.App.—Houston [1st Dist.] 1989, pet. denied). Furthermore, a law "does not run foul of the Fourteenth Amendment because another method may seem ... to be fairer or wiser[.]" *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 654, 17 L.Ed2d 606 (1967).

The prohibition of possession of even unusable quantities of cocaine reflects the concern of the legislature with drug abuse in our society. The criminalization of the possession of even minute amounts of a dangerous, highly addictive drug bears a reasonable relation to the proper legislative purpose of deterring the distribution and use of such a drug. Regardless of the merits of a "zero tolerance" policy, TEX. HEALTH AND SAFETY CODE § 481.115 cannot be deemed to violate due process since it bears a rational relation to a legitimate legislative concern.

■■■ Further, appellant argues that it is a violation of the equal protection clause to criminalize the possession of an unusable amount of cocaine but not to criminalize an unusable amount of marijuana. He concedes that cocaine is more dangerous than marijuana, but he contends that an unusable amount of cocaine is not dangerous at all.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. *City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). Generally, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* "In order to successfully claim denial of equal protection of the law on the basis of unreasonable classification, an accused must prove the existence of a class of which he is part and unreasonable discrimination." *Russell v. State,* 665 S.W.2d 771, 778 (Tex.Crim.App.1983), *cert. denied,* 465 U.S. 1073, 104 S.Ct. 1428, 79 L.Ed.2d 752 (1984). In other words, in the absence of class discrimination, an otherwise even-handed statute will survive an equal protection challenge. *Beck v. State,* 583 S.W.2d 338 (Tex.Crim.App.1979).

In the instant case, appellant has shown no class discrimination resulting from TEX. HEALTH AND SAFETY CODE § 481.115. The statute is directed at conduct, that is the possession of controlled substances listed in Penalty Group 1, and not at a class of people. "The statute affects only those who choose to act in the manner proscribed." *Baker v. Wade,* 774 F.2d 1285, 1287 (5th Cir.1985). Appellant's second and third points of error are overruled.

■■■ In his fourth point of error, appellant contends that to punish one for possession of an unusable amount of cocaine is cruel and unusual. Appellant argues that a conviction for possession of an unusable amount of cocaine violates due process and equal protection of the law and that any

punishment is therefore untenable. We find that due process and equal protection are not violated by prosecution of knowing possession of minute amounts of cocaine. Thus, punishment for such an offense is neither cruel nor unusual. Appellant's fourth point of error is overruled.

Accordingly, the judgment of the district court is affirmed.