Rafael ALVARADO, a/k/a
Ray Rios, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00359–CR.

Court of Appeals of Texas,
El Paso.

March 3, 1995.

Deborah Keyser, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Houston, for State.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

LARSEN, Justice.

Appellant Rafael Alvarado was convicted by a jury of possession of cocaine. Appellant plead true to the two enhancement paragraphs and the court assessed punishment at thirty-five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

### FACTS

On July 14, 1993, Officer Leslie Wills of the Houston Police Department was on patrol when she saw appellant standing in an alleyway known for illegal narcotics activity. Wills testified that she recognized appellant because she had issued citations to him in the past and she knew there were outstanding warrants for his arrest. Wills decided to approach appellant because he had an outstanding warrant. As Wills approached appellant in her patrol car, she did not observe him engaging in any criminal activity. As she got out of her vehicle, however, Wills noticed appellant had an object in his hand which he tried to hide with a baseball cap. The officer believed the object was a crack pipe and when appellant turned the object over to Wills at her request, Wills's belief was confirmed. A field test on residue in the pipe was positive for cocaine.

### VALIDITY OF STOP, SEIZURE, AND ARREST

#### 1. Warrants not produced.

In his first point of error, appellant argues the trial court should have granted his motion to suppress because the State failed to introduce the warrants Officer Wills relied upon to approach and arrest appellant. In his motion to suppress, appellant states that his arrest and detention were without warrant and without probable cause, thereby violating his rights under both the United States and Texas Constitutions. U.S.Const. amend. IV; Tex. Const. art. I, § 9.[1]

---

1. Our decision regarding the detention and arrest in this case is based on the testimony adduced at the hearing on appellant's motion to suppress evidence and that evidence is viewed in the light most favorable to the trial court's ruling. *Perez v. State,* 818 S.W.2d 512, 514 (Tex. App.—Houston [1st Dist.] 1991, no pet.). The trial judge is the sole and exclusive trier of facts at a hearing on a motion to suppress. *Romero v. State,* 800 S.W.2d 539 (Tex.Crim.App.1990). In that regard, the trial court may choose to believe or disbelieve any or all of a witness's testimony. *Clark v. State,* 548 S.W.2d 888, 889 (Tex.Crim. App.1977). If the trial judge's decision is correct on any theory of law applicable to the case it will be sustained. *Romero,* 800 S.W.2d at 543.

When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, the burden of proof is initially on the defendant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex.Crim.App.1986). The defendant has the burden to produce evidence establishing: (1) that a search or seizure occurred; and (2) that the search or seizure occurred without a warrant or without valid consent. Once the defendant has produced this evidence, then the burden shifts to the State to show (1) that the search or seizure was pursuant to a valid warrant, in which case the State must produce both the warrant and the supporting affidavit; (2) if the search or arrest was effected without a warrant, the State must prove the reasonableness of the search or seizure; (3) if the search is allegedly consensual, the State must establish that the defendant's consent was freely and voluntarily given. *Chavarria v. State*, 876 S.W.2d 388, 391–92 (Tex.App.— El Paso 1994, no pet.).

In this case, appellant met his initial burden by showing that Officer Wills seized a pipe from appellant. The burden then shifted to the State to either produce the warrants used to effect the arrest and seizure of evidence, or to demonstrate the reasonableness of the warrantless arrest, or prove consent was free and voluntary. Because the warrants which are the subject of appellant's complaint were not used to effect his arrest, the State was not charged with the burden of introducing them to the trial court. The warrants involved in this case were merely evidentiary items, testified to by Officer Wills, as the initial reason she decided to approach appellant. Therefore, appellant had the burden to produce the warrants if he wished to have them considered for appellate review. See TEX.R.APP.P. 50. Because the outstanding warrants were only one basis for Officer Wills initial approach, and not appellant's detention, the seizure of his pipe, or his arrest, we analyze those events under the law governing warrantless encounters.

## 2. Terry stop.

We therefore next turn to the propriety of appellant's detention. It is well settled that a police officer may, in appropriate circumstances and in an appropriate manner, stop an individual for purposes of investigating possible criminal behavior even absent circumstances rising to the level of probable cause to make an arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). A "Terry stop" may be valid if founded upon a reasonable, articulable suspicion that the person detained is connected with criminal activity. *Amores v. State*, 816 S.W.2d 407, 411 (Tex.Crim.App.1991). During such a brief investigative detention, a police officer may question a suspicious person on identity, the reason for presence in the area, and to make similar reasonable inquiries of a truly investigatory nature. *Id.* at 412.

Evidence pertaining to the detention in this case was: Officer Wills initially testified that when she got out of her vehicle she saw appellant do something that indicated he was engaging in criminal activity, namely trying to conceal a crack pipe from her view. Later, without retracting her earlier testimony, Wills said she did not observe any activity on the part of appellant indicating he was doing something criminal. Wills further stated that at the time she stopped appellant, she recognized him and she believed him to have outstanding warrants. We find that viewed in the light most favorable to the trial court's ruling, there was evidence to support the trial court's implied finding that this was a valid investigatory stop.

## 3. Arrest.

We next consider the validity of appellant's arrest. Appellant correctly states that when a defendant claims an arrest or search is conducted without a warrant, the State has the burden of establishing that probable cause and an exception to the warrant requirement existed. *Roberts v. State*, 545 S.W.2d 157, 158–59 (Tex.Crim.App.1977). Warrantless arrests in Texas are governed by Chapter 14 of the Code of Criminal Procedure. Article 14.01 states that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977). Wills testified that she observed appellant attempting to

hide something in his hand which she believed was a crack pipe. Upon request, appellant turned the object over to Wills. The object turned out to be a crack pipe that subsequently field tested positive for cocaine. Wills's testimony indicates that an offense was being committed within her view thereby permitting a warrantless arrest pursuant to Article 14.01(b).

The evidence, viewed in the light most favorable to the trial court's ruling, supports the judge's decision to overrule the motion to suppress. We overrule Point of Error One.

### MISSPELLED NAME

■ In his second point of error, appellant complains that the name on the outstanding arrest warrant is different than his name. The testimony, however, demonstrates that the name on the ticket that the warrant was issued on is spelled incorrectly. The outstanding arrest warrant is not part of the record on appeal and, therefore, we are precluded from considering any effect the misspelled name might have on the validity of appellant's arrest. Moreover, our determination under Point of Error One, that this was a valid warrantless arrest, not one pursuant to a warrant, renders this point moot. We overrule Point of Error Two.

### WEIGHT OF CONTRABAND

■ In his third and final point of error, appellant complains the evidence is insufficient to establish that he knowingly possessed cocaine, because the measured amount of 45.4 milligrams was less than the margin of error the test used to analyze the substance. In reviewing the sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the verdict. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App.1992). This Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979). The State must prove two elements in a case alleging unlawful possession of a controlled

substance: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the matter was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex.Crim.App.1988); *Musick v. State*, 862 S.W.2d 794, 804 (Tex. App.—El Paso 1993, pet. ref'd).

The Houston Police Department chemist testified that the weight of the residue in the crack pipe was calculated at 45.4 milligrams of cocaine, including adulterants and diluents. The chemist further testified that the tests utilized to calculate the weight have a margin of error equivalent to plus or minus fifty milligrams. Appellant claims that since the margin of error exceeds the weight of cocaine found in the crack pipe, there is no real evidence of weight at all. He appears to seek a holding that any measured amount of contraband which falls within a test's margin of error cannot, as a matter of law, constitute sufficient evidence to support a conviction.

■ This issue is one of first impression. It is well settled that possession of minute amounts of cocaine is sufficient to sustain a conviction, so long as the amount possessed is capable of being quantitatively measured. *Lavigne v. State*, 782 S.W.2d 253, 256 (Tex.App.—Houston [14th Dist.] 1989), *aff'd*, 803 S.W.2d 302 (Tex.Crim.App.1990), *citing, Kent v. State*, 562 S.W.2d 855, 856 (Tex.Crim.App.1978). No minimum weight is required to sustain a conviction for possession of narcotics. *Jackson v. State*, 807 S.W.2d 387, 389 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Instead, "[t]he issue is whether the evidence adduced will support a reasonable inference that appellant knowingly possessed the contraband." *Patterson v. State*, 723 S.W.2d 308, 312 (Tex.App.—Austin 1987), *aff'd*, 769 S.W.2d 938 (Tex. Crim.App.1989). Here, several factors converge leading us to conclude that the State's evidence was sufficient to prove appellant knowingly possessed cocaine. First, we note that, although within the margin of error for testing, nevertheless the cocaine was a measurable amount. The evidence was that Officer Wills's field test indicated cocaine, and the testing chemist testified he obtained results positive for cocaine through three different tests. The cocaine was found within a

crack pipe, a device specifically designed for consuming cocaine. Appellant tried to hide the pipe from the approaching Officer Wills. The encounter between appellant and the officer took place in an alleyway known for illegal narcotics activity. Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found, beyond a reasonable doubt, that appellant knowingly possessed cocaine.

## CONCLUSION

We affirm the conviction.