11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Delford Bernard Mathews

Appellant

Vs. 
Nos. 11-02-00294-CR, 11-02-00295-CR, & 11-02-00296-CR - Appeals from
Dallas County

State of Texas

Appellee

 

Delford
Bernard Mathews waived his right to trial by jury in three related cases,[1]
made a judicial confession in each case, and entered guilty pleas and pleas of Atrue@ to all three indictments.  The
first two indictments charged appellant with the delivery of more than one gram
but less than 4 grams of cocaine, and the other indictment charged him with
possession Awith intent to deliver@ more than one gram but less than 4 grams of
cocaine.  All three indictments alleged
two prior final felony convictions. 
There was no plea bargain, and the court ordered a presentence
investigation.  After that report was
prepared, the trial court sentenced appellant to confinement for 25 years.[2]  We affirm the convictions.

                                       Hearing
on August 16, 2002 (Acceptance of Pleas)

The trial
court had a discussion in open court with appellant, appellant=s trial counsel, and the prosecutor to
confirm that appellant understood all three indictments, that he realized that
he was charged as a habitual offender in all three cases, and that appellant
understood that there was no plea bargain agreement.  Appellant said that he understood that the range of punishment in
each case  Awould be not less than 25 years nor more than
99 years or life in the penitentiary@ and that it could include a fine of up to $10,000 in each case.  Relevant portions of the hearing on August
16 read as shown:








THE COURT:
Sir, it=s my understanding you=ve expressed an intention to enter a plea of
guilty to each one of these charges and a plea of true to the enhancement
paragraphs to each one of these charges. 
And you filed papers with the court in each of these cases waiving or
giving up certain legal rights that the law allows you; is that correct?

 

[APPELLANT]:
Yes, sir.

 

THE COURT:
Did you sign these papers of your own free will?

 

[APPELLANT]:
Yes, sir.

 

                                                            *   *  
*

 

THE COURT:
Sir, it=s also my understanding, according to these
papers, that you have no type of plea bargain agreement with the State in your
cases in exchange for your pleas; is that correct?

 

[APPELLANT]:
Yes, sir.

 

Appellant=s trial counsel told the court that he
concurred in his client=s pleas and that he felt that appellant was competent and understood
the nature and consequences of his pleas. 
The trial court then accepted appellant=s pleas of guilty to all three indictments and his pleas of Atrue@ to the enhancement allegations. 
The court ordered a presentence investigation.

                                             Hearing
on September 6, 2002 (Sentencing)

Relevant
portions of the reporter=s record of the hearing when the sentences were imposed read as shown:

[PROSECUTOR]:
We would ask the Court to take judicial notice of the presentence report
prepared in this case.

 

[DEFENSE
COUNSEL]: No objections.

 

[PROSECUTOR]:
State would rest.

 

THE COURT:
The PSI is ordered to be made a part of this record.[3]

 

[DEFENSE
COUNSEL]: Thank you.  We will call
[appellant].

 








[After he was sworn by the court, appellant
testified in response to questions by his trial counsel.]

 

Q: And you
are pleading guilty because you are guilty and for no other reason; isn=t that true?

 

A: Yes.

 

Q: And you are throwing yourself
upon the mercy of the court here today in essence and you are asking the Court
to consider you for drug treatment; is that why we are here?

 

A: Yes.

 

                                                *   *  
*

 

Q: One thing I want to point out, all three of these
offenses that you are in court on today all occurred on the same day, did they
not?

 

A: Yes.

 

                                                *   *  
*

 

Q: What is
your plea to the Court?

 

A: To give
me some rehab help so I can get off my addiction so I can get back into
society.

 

Appellant=s mother testified in support of his request
for getting treatment for his drug problem. 
After her testimony, appellant=s trial counsel argued for treatment instead of confinement as a
habitual felony offender.  The
prosecutor then closed by arguing that this was Anot a probation case” and asking the court to sentence appellant to the
penitentiary.    

                                        Sole
Point of Error

Appellant
filed one brief for all three cases, and it contains a single point of
error.  Appellant argues that TEX.
HEALTH & SAFETY CODE ANN. ' 481.115 (Vernon 2003) is Avoid for vagueness and violates due process.@  The
point of error is overruled.  Section
481.115 is not void for vagueness, and it does not violate due process.  








Appellant
concedes that Jackson v. State, 807 S.W.2d 387 (Tex.App. - Houston [14th Dist.]
1991, pet=n ref=d), rejected a claim that an earlier version of this statute was Aunconstitutionally vague” and that it
violated  Adue process.”  At the time of
the offense in that case, Section 481.115 provided that it was a felony of the
second degree to possess cocaine Aif the amount of the controlled substance possessed is, by aggregate
weight, including adulterants and dilutants, less than 28 grams.”[4]  Former TEX. HEALTH & SAFETY CODE ' 481.115 (1992).  The court said in Jackson v. State, supra at 390:

The
meaning of the statute...is readily discernible by [people] of common
intelligence.  Intentional or knowing
possession of cocaine in any amount less than 28 grams is a second
degree felony.

 

                                                            *   *  
*

 

Appellant
also contends that his due process rights were violated in that there is no
reasonable basis to prohibit the possession of an unusable quantity of
cocaine....  The government does not
violate a party=s substantive due process rights as long as
any rational basis exists for the government=s actions.

 

                                                            *   *  
*

 

The
prohibition of possession of even unusable quantities of cocaine reflects the
concern of the legislature with drug abuse in our society.  The criminalization of the possession of
even minute amounts of a dangerous, highly addictive drug bears a reasonable
relation to the proper legislative purpose of deterring the distribution and
use of such a drug.  Regardless of the
merits of a Azero tolerance@ policy, TEX. HEALTH AND SAFETY CODE ' 481.115 cannot be deemed to violate due process since it bears a
rational relation to a legitimate legislative concern.  (Emphasis added)

 

See also Alvarado v.
State, 894 S.W.2d 869, 873 (Tex.App. - El Paso 1995, pet=n ref=d); Jenkins v. State, 870 S.W.2d 626, 631 (Tex.App. - Houston [1st
Dist.] 1994, pet=n ref=d), cert. den=d, 516 U.S. 1080
(1996).








In
connection with appellant=s argument that the Ainclusion of adulterants and dilutants@ creates a Apotential
sliding scale of limitless punishment@ and makes the statute unconstitutionally vague, see Chapman v. United
States, 500 U.S. 453, 459-65 (1991).  In
Chapman, the Court rejected similar arguments involving a federal
statute and said:

We think
that petitioners= reading of the statute B a reading that makes the penalty turn on the
net weight of the drug rather than the gross weight of the carrier and drug
together B is not a plausible one.  The statute refers to a Amixture or substance containing a detectable
amount.@  So
long as it contains a detectable amount, the entire mixture or substance is to
be weighed when calculating the sentence.

 

                                                            *   *  
*

 

The same point can be made about drugs like heroin and cocaine, however, and
Congress clearly intended the dilutant, cutting agent, or carrier medium to be
included in the weight of those drugs for sentencing purposes.

 

                                                            *   *  
*

 

We find
that Congress had a rational basis for its choice of penalties....By measuring
the quantity of the drugs according to the Astreet weight@ of
the drugs in the diluted form in which they are sold, rather than according to
the net weight of the active component, the statute and the Sentencing
Guidelines increase the penalty for persons who possess large quantities of
drugs, regardless of their purity.  That
is a rational sentencing scheme.  (Emphasis
added)

 

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed.     

 

BOB
DICKENSON

SENIOR
JUSTICE

 

July 17, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Wright, J., 

McCall, J., and Dickenson, S.J.[5]
          











[1]Cause No. F-O249428-IL, Criminal District Court No. 5
of Dallas County  is  Cause No. 11-02-00294-CR of this court;
Cause No. F-O249429-JL, Criminal District Court No. 5 of Dallas County is Cause
No. 11-02-00295-CR of this court; and Cause No. F-O249430-JL, Criminal District
Court No. 5 of Dallas County is Cause No. 11-02-00296-CR of this court.





[2]This was the minimum sentence for these offenses.  See TEX. PENAL CODE ANN. ' 12.42(d) (Vernon 2003).





[3]That report was not included in the reporter=s record or in any of the clerk=s records which were filed in this court.  This irregularity will be disregarded under
TEX.R.APP.P. 44.2(b) because it does not affect the sole point of error which
has been briefed.





[4]At the time of the offense in the case now before us,
Section 481.115 had been amended to provide that it was a felony of the third
degree to posssess cocaine Aif the amount of
the controlled substance possessed is, by aggregate weight, including
adulterants or dilutants, one gram or more but less than four grams.@ 





[5]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.