NO. 07-08-0028-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 20, 2008
______________________________

MICHAEL STEPHENSON, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee 
_________________________________

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY;

NO. F-2007-1782-C; HON. L. DEE SHIPMAN, PRESIDING
_______________________________

                                                               Opinion
                                         _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Michael Stephenson was convicted of possessing methamphetamine with intent to
deliver. He pled guilty to the offense after the trial court denied his motion to suppress. 
On appeal, he challenges the denial of his motion. We affirm the judgment. 
          Background
          On June 17, 2007, law enforcement officers arrested Chad Hammonds at the Motel
6 in Lewisville, Texas, for possessing drugs. The officers asked Hammonds if he would
notify his dealer and set up a buy. Hammonds agreed to do so and twice phoned an
individual he called “Mike” (later identified as appellant) around 1 a.m. The calls were
recorded, and the language used comported with that often expressed by those arranging
a drug deal, according to the deputies overhearing it. Furthermore, Mike not only agreed
to come to the room designated by Hammonds (room 309) at the Motel 6 but also stated
that he would be there in about 30 to 45 minutes. When asked for a description of Mike,
Hammonds described him as an average white male who would be driving a black
Mustang. 
          Around 2:00 a.m. (or 15 minutes after the estimated time at which the dealer was
to arrive), an officer observed a black Mustang circle the motel once and then park. A
white male (appellant) exited the vehicle and entered the motel. This information was
relayed to other deputies located across from room 309. Those deputies had seen no one
else moving about or walking the hallway until they noticed appellant through a peep hole. 
They also witnessed him stop in front of the door to room 309, hesitate, act as if he were
trying to hear noise from the room, and then look up and down the hall. At that point, two
deputies entered the hallway and arrested appellant. They then searched him and found
methamphetamine. 
          Applicable Law
          We review the trial court’s ruling on a motion to suppress by affording great
deference to its interpretation of historical facts. Ford v. State, 158 S.W.3d 488, 493 (Tex.
Crim. App. 2005). This deference encompasses both the trial court’s authority to assess
the credibility of the witnesses and the authority to disbelieve or believe controverted
testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). Like deference,
however, is not afforded to the trial court’s application or interpretation of the law. Ford v.
State, 158 S.W.3d at 493. 
          Next, that an officer needs probable cause to effectuate an arrest is undisputed. 
However, probable cause does not equate to certainty. Instead, the totality of the
circumstances must be enough to lead a reasonable officer to conclude, with “a fair
probability,” that the suspect is or has been engaged in criminal activity. Parker v. State,
206 S.W.3d 593, 599 (Tex. Crim. App. 2006). And, we conclude that the applicable
standard was met here.
          Appellant speaks much about what is missing, such as an in depth description of
“Mike,” or “Mike” actually knocking on the door of room 309, or the officers seeing
contraband before arresting him, or Hammonds identifying the suspect as “Mike” before
making the arrest. While presence of those indicia no doubt would have helped, we are
limited to addressing the dispute solely in relation to the evidence within the appellate
record, and that evidence illustrates that the arresting officers knew 1) a drug dealer had
just arranged to buy more drugs from his source for they instigated it, 2) the approximate
time and exact place at which it was to transpire, 3) the type and color of vehicle the seller
would be driving, 4) the suspect’s gender and race, and 5) other people were not up and
about when and where the deal was to occur. So too did they see a male of the specified
gender and race appear at the locale, in a vehicle matching the requisite type and color,
approximately at the expected time. That individual, who happened to be appellant, was
then seen to approach the specified motel room, pause, listen, and look around while in
front of the room’s door. There is no evidence that anyone other than appellant happened
to have appeared in a black Mustang at the place and time where and when the drug deal
was to be consummated. Nor is there evidence of anyone else engaging in furtive
gestures while standing in front of the exact room in which the deal was to occur and at
about the time it was to happen. 
          The foregoing combination of event, gender, race, car, time, place, and gesture was
enough to provide the trial court with the “beacon” spoken of in Parker. Parker v. State,
206 S.W.3d at 596-97. And, that beacon was bright enough to allow a reasonable officer
to view appellant, with fair probability, as the expected drug dealer coming to make a
delivery per his agreement with Hammonds. And, to the extent that the deputies were
seeing the crime unfold before them, they need not have secured an arrest warrant prior
to making an arrest. This is so because a warrant is unnecessary when the crime occurs
in the officer’s presence. Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005);
Alvarado v. State, 894 S.W.2d 869, 872-73 (Tex. App.–El Paso 1995, pet. ref’d). 
          Accordingly, we overrule appellant’s issue, and affirm the judgment.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish.