**Opinion filed August 3, 2017**



## In The

# Eleventh Court of Appeals

_____

### No. 11-16-00017-CR

_____

## MARY MORROW WILLIAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR44410**

### M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant for possession of less than one gram of cocaine in a drug-free zone.[1]  The jury found Appellant guilty, and Appellant pleaded "true" to an enhancement paragraph.  The trial court assessed punishment at confinement for ten years, but it suspended the sentence and placed Appellant on

_____

[1]TEX. HEALTH & SAFETY CODE ANN. §§ 481.115(b), 481.134(d), (West 2017).

community supervision for ten years.  On appeal, Appellant asserts a sufficiency-of-the-evidence issue and asserts that the trial court erred when it denied her motion to suppress.  We affirm.

## I. *Evidence at Trial*

Chance Rainer, a peace officer with the Midland Police Department, was en route to an unrelated disturbance call at about 1:40 a.m. when he encountered Appellant's vehicle stopped at a stop sign.  The vehicle remained stationary for a period of eight to ten seconds, and Officer Rainer saw an arm extend from the driver's side window and motion for him to go forward.  Officer Rainer then exited his vehicle to check on the well-being of the driver.  When Officer Rainer arrived at the driver's side door and engaged Appellant in conversation, he observed a white powdery substance on Appellant's shirt.  He believed that the substance was cocaine and, based on Appellant's slurred and delayed speech, also believed that she was "under the influence of something."  He further testified that Appellant smelled of alcohol.

Officer Rainer asked Appellant to exit the vehicle and to sit on the bumper of his patrol car while he examined the interior of the vehicle.  He observed the same white powdery substance on the driver's seat, driver's side window, and the center console of the vehicle.  He questioned Appellant about the substance.  Appellant was adamant that the substance was not cocaine and that she did not use cocaine, but she provided no explanation for the substance.  Officer Rainer conducted a preliminary field test of the substance, which indicated that it was cocaine.  He then placed Appellant under arrest for possession of a controlled substance.  Two lab tests later confirmed that the white powder was cocaine, and the amount recovered from Appellant's car weighed 0.01 grams with a margin of error of 0.03 grams.  However,

2

the substance on Appellant's shirt, which Officer Rainer believed to be cocaine, never underwent field or laboratory testing.

Officer Rainer testified at trial that he found Appellant's vehicle stopped within 1,000 feet of the Carver Center, a school in the Midland Independent School District. He also agreed that the State's first exhibit, an unscaled Google map, accurately depicted the location of the arrest and its proximity to the school. Officer Rainer testified that he was familiar with the area and the location, 1300 East Wall Street, and he said that the school was within 1,000 feet of the location of Appellant's arrest.

## II. *Analysis*

A. <u>*Issue One*</u>: *The State presented sufficient evidence that Appellant committed the offense of possession of a controlled substance, less than one gram of cocaine, in a drug-free zone.*

In her first issue, Appellant actually advances three complaints: (1) that, because Officer Rainer found only "trace" levels of cocaine in her car, the State failed to prove she knowingly possessed the cocaine; (2) that the indictment failed to give her notice of the school she was near when the arrest occurred and that there was a material variance between the indictment and the proof at trial as to the name of the school; and (3) that Officer Rainer's testimony along with an unscaled Google map of the area was insufficient to establish that Officer Rainer arrested her in a drug-free zone.

The standard of review for sufficiency of the evidence is whether any rational jury could have found Appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We review the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense

3

beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 894; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

> 1. *Appellant knowingly possessed a controlled substance; Officer Rainer arrested Appellant with a measurable and observable quantity of cocaine within her care, custody, or control.*

In Appellant's first complaint in her sufficiency-of-the-evidence issue, she asserts that the trace amount of cocaine was insufficient to convict her of the charged offense. The State has the burden to prove (1) that the defendant exercised actual care, control, and management of the contraband and (2) that the defendant knew the substance in her possession was, in fact, contraband. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995). There is no minimum weight required to sustain a conviction for possession of a controlled substance. *Johnson v. State*, 843 S.W.2d 238, 239 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). If the controlled substance is observable and measurable, the amount is sufficient to establish the defendant knew it was a controlled substance. *See Walker v. State*, No. 05-16-00600-CR, 2017 WL 2180703, at *2 (Tex. App.—Dallas May 18, 2017, no pet. h.) (mem. op., not designated for publication) (citing *Victor v. State*, 995 S.W.2d 216, 220 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)).

Appellant argues that, since the cocaine found weighed 0.01 grams and the test's margin of error was 0.03 grams, the cocaine was a trace amount and more proof was necessary to establish her knowledge. We disagree. Appellant cites *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. [Panel Op.] 1979), in which the court held that, when the quantity of a substance possessed is "so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance." In the present case, the quantity of the cocaine was measured, and the cocaine was visible in plain view. A substance is still measurable even if its weight is within the margin of error. *See Alvarado v. State*, 894 S.W.2d 869, 873 (Tex. App.—El Paso 1995, pet. ref'd). The *Alvarado* court explained that, although the weight of the cocaine fell within the margin of error, the evidence sufficiently proved that the defendant knowingly possessed cocaine. *Alvarado*, 894 S.W.2d at 873.

In addition, although Appellant denied to Officer Rainer that the white powder in her car was cocaine, she never explained to him what it was. A jury may infer intent from any fact that tends to prove its existence, including the acts, words, and conduct of the accused and surrounding circumstances. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). In fact, the jury could infer a consciousness of guilt from Appellant's evasive responses. *See Comeaux v. State*, 413 S.W.3d 176, 187 (Tex. App.—Beaumont 2013) (holding that the jury is allowed to infer a consciousness of guilt when the defendant lies to police), *aff'd*, 445 S.W.3d 745 (Tex. Crim. App. 2014). Accordingly, the evidence at trial sufficiently established that Appellant knowingly possessed less than one gram of cocaine. *See Grubbs v. State*, No. 11-08-00229-CR, 2010 WL 661045, at *2 (Tex. App.—Eastland Feb. 25, 2010, no pet.) (mem. op., not designated for publication) (holding defendant knowingly possessed 0.01 grams of cocaine found in his jacket); *see also Evans v.*

5

*State*, 202 S.W.3d 158, 163 (Tex. Crim. App. 2006) (holding defendant exercised care, custody, and control over drugs on a coffee table directly in front of him partly because the contraband was in plain view and within arm's reach).

> *2. Appellant had sufficient notice of the location of the school, and any variance between the indictment and proof was immaterial.*

In Appellant's second complaint in her sufficiency-of-the-evidence issue, she argues that there is a fatal variance between the indictment and the proof at trial about the school's name. An indictment must provide the accused with adequate notice of the relevant charges. *See* TEX. CODE CRIM. PROC. ANN. art. 21.11 (West 2009). A variance occurs whenever there is a discrepancy between the allegations in the indictment and the proof offered at trial. *Byrd v. State*, 336 S.W.3d 242, 247 (Tex. Crim. App. 2011). Small mistakes or variances, however, are immaterial if they do not prejudice a defendant's substantive rights. *Id.* at 247–48. To determine whether a variance is material, a court asks two questions: (1) whether the indictment, as written, sufficiently informed the defendant of the charge against him, so that he could adequately prepare for trial, and (2) whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being later prosecuted for the same crime. *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). The burden of showing surprise or prejudice from an alleged variance rests with the defendant. *Santana v. State*, 59 S.W.3d 187, 194–95 (Tex. Crim. App. 2001).

Appellant argues that the discrepancy between the indictment and the evidence with respect to the name of the school was a material variance. The indictment alleged that Appellant possessed a controlled substance "within 1,000 feet of any real property that is owned, rented, and leased to a school or school board, to wit: CULVER CENTER OR CARVER ELEMENTARY SCHOOL." But at trial,

6

Officer Rainer testified that the arrest occurred near the "Carver Center, which is a school in the Midland school district for gifted and talented students." In *Chandler v. State*, the Amarillo Court of Appeals faced a similar question and found no material variance where the indictment misidentified the school and the defendant failed to show any surprise. No. 07-13-00010-CR, 2014 WL 3868211, at *1–3 (Tex. App.—Amarillo Aug. 4, 2014, no pet.) (mem. op., not designated for publication). Likewise, the Waco Court of Appeals has determined that a variance related to the name of a school did not involve a statutory element and was immaterial. *Sabedra v. State*, No. 10-16-00033-CR, 2017 WL 1101277, at *2 (Tex. App.—Waco Mar. 15, 2017, pet. filed) (mem. op., not designated for publication). Similarly, we conclude that any variance was immaterial. We note that there is no indication that Appellant was unaware of the school's name referred to in the indictment, and Appellant faces no risk of subsequent prosecution, as the State can only charge Appellant once with this possession of cocaine offense. *See* U.S. CONST. amend. V.

### 3. *Appellant knowingly possessed less than one gram of cocaine in a drug-free zone.*

In the third complaint in her sufficiency-of-the-evidence issue, Appellant asserts that Officer Rainer's lay opinion testimony and the Google map of the area were insufficient under *United States v. McCall* to prove that she was within a drug-free zone. 553 F.3d 821, 832–33 (5th Cir. 2008) (holding that a police officer's unsubstantiated, lay opinion testimony, which failed to include any evidence about how he concluded that a school was within 1,000 feet of defendant's location at the time of the crime, was insufficient to establish that the alleged offense occurred in a drug-free zone). However, Section 481.135(d) of the Texas Health and Safety Code only requires "any other evidence or testimony" to establish a defendant's proximity to a drug-free zone. TEX. HEALTH & SAFETY CODE ANN. § 481.135(d) (West 2017);

*see Peek v. State*, 494 S.W.3d 156, 168 (Tex. App.—Eastland 2015, pet ref'd) (holding that the arresting officer's testimony that he arrested defendant within 1,000 feet of a school satisfied the State's burden of proof); *Blake v. State*, No. 06-03-00085-CR, 2004 WL 963323, at *4 (Tex. App.—Texarkana May 6, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that the State satisfied its burden of proof regarding the "drug-free zone" statute through the arresting officer's testimony). In Appellant's case, the State elicited Officer Rainer's testimony that he arrested Appellant within 1,000 feet of the Carver Center and introduced into evidence a Google map, unscaled, that showed the location of the school and Appellant's location when stopped, which was adjacent to the school. Officer Rainer described the distanced between Appellant and the school as being "[m]uch less" than the length of "one football field." Thus, the State adduced more evidence than was set forth in *Peek*. *See Peek*, 494 S.W.3d at 168. Because the jury was the factfinder, it was free to believe Officer Rainer's testimony concerning the location of the school and Appellant. We hold that a rational jury could have found beyond a reasonable doubt that Appellant knowingly possessed less than one gram of cocaine in a drug-free zone. We overrule Appellant's first issue.

B. *Issue Two: The trial court did not abuse its discretion when it denied Appellant's motion to suppress.*

In her second issue, Appellant argues that the trial court abused its discretion when it denied her motion to suppress because Officer Rainer was not engaged in a "community caretaking" function and had illegally detained her when he approached her vehicle shining a flashlight. A trial court's ruling on a motion to suppress lies within the sound discretion of that court. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996) (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)). We review a trial court's ruling on a motion to suppress under a

bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give great deference to the trial court's findings of historical facts if the record supports the findings. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). Because the trial court is the exclusive factfinder, the appellate court reviews evidence adduced at the suppression hearing in the light most favorable to the trial court's ruling. *Carmouche*, 10 S.W.3d at 327–28. We also give deference to the trial court's rulings on mixed questions of law and fact when those rulings turn on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 87. Where such rulings do not turn on an evaluation of credibility and demeanor, we review the trial court's actions de novo. *Id.*

After holding a hearing on Appellant's motion to suppress, the trial court denied Appellant's motion and issued findings of fact and conclusions of law explaining why the trial court believed the encounter was legal. The parties revisited this issue at trial. During the State's direct examination, Officer Rainer explained that he approached Appellant's vehicle out of consideration for Appellant's well-being. At that time, Appellant's counsel objected to Officer Rainer's testimony "for reasons stated outside the presence of the jury," and the court permitted a running objection to Officer Rainer's testimony. On cross-examination, Appellant's counsel questioned whether Officer Rainer observed circumstances that would indicate her need of an officer's assistance, such as whether her hazard lights were flashing or whether her hood was propped up. Officer Rainer answered that he observed no such indicia of distress. Appellant's counsel also asked Officer Rainer whether Appellant would have been free to go when he approached her vehicle, and Officer Rainer responded that Appellant would not have been free to go. This response directly contradicted Officer Rainer's earlier statement at the hearing on the motion to suppress. Appellant's counsel asked Officer Rainer if he had testified

9

differently in a prior hearing, and Officer Rainer answered that he did not recall. Appellant's counsel then moved to a different line of questioning. The question of whether Officer Rainer's actions amounted to an involuntary detention resurfaced in the jury charge conference when Appellant requested that the jury be permitted to determine the validity of Officer Rainer's detention. The trial court denied Appellant's proposed jury instruction.

Generally, when we review a trial court's decision to grant or deny a motion to suppress, we limit our review to the evidence presented at the pretrial hearing. *Ervin v. State*, 333 S.W.3d 187, 203 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). But, as they did here, when the parties relitigate the suppression issue during the trial on the merits, we review all of the evidence presented during the pretrial hearing and at trial. *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex. Crim. App. 2007).

The evidence presented at trial largely tracked the evidence presented during the hearing on the motion to suppress—with the exception of Officer Rainer's inconsistent testimony. When the testimony of a police officer at trial differs from that same officer's testimony at a suppression hearing, we review such testimony in the light most favorable to the trial court's ruling. *See Gutierrez*, 221 S.W.3d at 687; *Ervin*, 333 S.W.3d 203–04. The trial court considered Appellant's argument regarding Officer Rainer's inconsistent testimony when it considered Appellant's request for a special jury instruction and rejected that request. *See Ervin*, 333 S.W.3d at 203–04. Because the trial court made this ruling on Officer Rainer's credibility, we defer to that finding. *Id.* ("Because the trial court ruled on the admissibility of appellant's statements during trial, it considered the entire testimony of the officers in making its credibility determination, and we must defer to that finding."). Nonetheless, we must examine whether Officer Rainer properly invoked the community caretaking function.

When the trial court decides whether a police encounter amounts to a detention, it must examine whether a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). To determine if an officer has properly invoked the "community caretaking" function, we utilize a two-step process. First, we determine if the officer's primary motivation was community caretaking. *Corbin v. State*, 85 S.W.3d 272, 277 (Tex. Crim. App. 2002). Second, we determine if the officer's belief that his assistance was required was reasonable. *Id.* When we determine the reasonableness of a police officer's belief that an individual needs assistance, we use the following nonexclusive factors: (1) the nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone or had access to assistance other than that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to himself or others. *Gonzales v. State*, 369 S.W.3d 851, 854–55 (Tex. Crim. App. 2012); *see Corbin*, 85 S.W.3d at 277; *Wright v. State*, 7 S.W.3d 148, 151–52 (Tex. Crim. App. 1999).

In the trial court's findings of fact and conclusions of law, it reviewed these factors. First, the trial court found that, based upon "Officer Rainer's testimony, he was motivated to provide assistance to a citizen, [Appellant], pursuant to the community care-taking function of his job." On the issue of Appellant's distress, the trial court found that Appellant's failure "to operate her vehicle and move away from the stop sign" and her waving for the officer to go around her indicated "something else [was] going on inside her vehicle." Regarding Appellant's location, the trial court found that, even though Appellant stopped in a residential neighborhood, it was 1:45 a.m. and people might have been "hesitant to open their doors to strangers at that time of night." On the issue of Appellant's access to assistance, the trial court noted that Appellant "was alone[,] which supports the

encounter." Finally, as to the issue of whether Appellant presented a danger to herself without law enforcement assistance, the trial court found that "the white powdery substance on [Appellant], her slurred speech, and [Appellant] appearing 'out of it' indicate [Appellant] was, at a minimum, a danger to herself, if not assisted, and allowed to continue on her way." Accordingly, the trial court found that the encounter "pursuant to the community care-taking function of Officer Rainer was legal."

Appellant asserts that her case is like *Crain v. State* where the court held that a detention occurred when an officer rolled down his window, shined his overhead lights at a pedestrian, and told the pedestrian to "come over here." 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). The State argues that this case is more similar to *Wigington v. State* where this court held that an officer's decision to approach a stopped vehicle on the side of the road to assess whether the persons inside needed assistance was reasonable—as was his decision to detain the defendant after he observed that the defendant appeared to be intoxicated. No. 11-04-00030-CR, 2005 WL 3320124, at *2 (Tex. App.—Eastland Dec. 8, 2005, pet. ref'd) (not designated for publication).

We agree with the State and hold that the trial court did not abuse its discretion in denying Appellant's motion to suppress. Officer Rainer approached Appellant's vehicle out of concern for her safety, given that she was stopped, waved him on, and did not move. Unlike the officer in *Crain*, Officer Rainer issued no commands but, instead, asked Appellant if she needed assistance. *See Crain*, 315 S.W.3d 52. His intent was to ascertain Appellant's well-being, and his actions were reasonable. Officer Rainer did not detain Appellant until he observed her demeanor and the white powder on her shirt and in her car. At that point, Officer Rainer had a reasonable suspicion that Appellant might be in possession of a controlled substance. Finally,

12

Officer Rainer's use of a flashlight as he approached Appellant's car also did not amount to a detention. To impose such a standard would endanger not only those that need assistance, but also the law enforcement officers that seek to provide it. We overrule Appellant's second issue on appeal.

### III. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

August 3, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.